CASE 101—ACTION OF O. J. CARPENTER, &C., AGAINST THE TOWN OF CEN-
    TRAL COVINGTON, &C., TO DETERMINE PLAINTIFFS' LIABILITY FOR A
    TURNPIKE TAX.—JUNE 18, 1904.

# Carpenter, &c. v. Town of Central Covington, &c.

119    785
122    613
122    854
122    857

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT
    JUDGE.

FROM A JUDGMENT FOR DEFENDANTS, PLAINTIFFS APPEAL.    AFFIRMED
    IN PART.

TAXATION—UNIFORMITY—TURNPIKES—BONDS — PAYMENT — COUNTIES
    —CITIES—ANNEXATION OF UNINCORPORATED TERRITORY

1. Under Kentucky Statutes, 1903, section 3667, providing that, if
   any incorporated town be annexed to another, the town so
   annexing shall be bound for all the debts of the other, a town
   annexing unincorporated territory assumes no obligation.
2. Act May 13, 1890 (Acts 1889-90, p. 675, c. 1491), authorized the
   creation of road districts in Kenton county for the construction
   of turnpikes, and provided that county bonds should be issued
   to pay for the turnpikes, and that taxes sufficient to pay one
   half of the bonds and interest coming due each year should be
   levied by the county authorities on the property in the road
   districts and taxes sufficient to pay the other half levied on all
   the property in the county outside of certain cities.  Constitu-
   tion, section 171, adopted afterward, provided that taxes
   should be uniform within the territorial limits of the authority
   levying the same.  HELD, that this provision of the Constitution
   was not intended to affect indebtedness already incurred, and
   so did not require all the taxes to pay bonds issued before the

Vol. 119—50

adoption of the Constitution to pay for turnpike roads con-
structed in Kenton county to be levied on the county at large,
instead of as provided by the statute under which the roads
were constructed

3. Under Constitution, section 157, declaring that no county shall
become indebted to an amount exceeding in any year the in-
come for such year without the assent of two-thirds of the
voters, the county could not assume the liability of the road
districts without popular consent.

4. In view of Constitution, section 180, providing that every reso-
lution passed by any county levying a tax shall specify the pur-
pose for which the tax is levied, and no tax levied for one
purpose shall be devoted to another purpose, section 171 does
not require the rate of taxation to be uniform throughout Ken-
ton county, but the road districts are *quasi* corporations, and
the county authorities in levying the tax act as representatives
of the district, and the constitutional requirement is satisfied
if taxes are uniform throughout the district.

5. Act May 13, 1890 (Acts 1889-90, p 675, c. 1491), is still in force.

6. Property annexed to one of the cities exempted from taxation by
the act was not thereafter liable to taxation for pikes under-
taken after its annexation, but was still liable for those built
before it was annexed.

7. Under Kentucky Statutes 1903, section 914, providing that any
county which has issued bonds for turnpike road purposes un-
der laws theretofore enacted may issue bonds in lieu thereof
to mature in not more than 30 years, and that taxes authorized
under such prior laws may be levied to pay the reissued bonds,
the authorities of Kenton county were authorized to issue new
bonds, and the taxes authorized by the act of 1890 could be
collected to pay the new bonds.

8. Payment of an illegal tax for one year does not bar the right
to contest that for another year.


A. G. SIMRALL, for appellants.

## CLASSIFICATION AS REQUIRED BY RULE XVLI.

### CENTRAL COVINGTON BRANCH.

First. The charter of sixth class towns, section 3667, Ken-
tucky Statutes, requiring towns annexing to assume the indebt-
edness of "incorporated towns." so clearly indicates the purpose
of the Legislature, to require uniformity and equality in taxa-
tion, that by implication it will be extended to all territory an-
nexed, incorporated or unincorporated. Cooley, Con. Lim., p.
45; Endlich Inter. of Statutes, sec. 417; Burke v. Monroe Co.,

Carpenter, &c. v. Town of Central Covington, &c.

77 Ill., 610; Gas Co. v. Wheeling, 8 W. Va., 358; Duvosseau v. United States, 6 Cranch, 313; Phillips v. Pope's Heirs, 10 B. Mon., 172; L. & N. R. R. Co., v. Com., 97 Ky., 675; Trustees, &c. v. Flemingburg, 97, Ky., 707; Sutherland Statutory Construction, sec. 334; Williams v. Com., 14 Bush, 539.

Second. "Citizens and property in the annexed territory are liable for all the burdens in the form of taxation, which are imposed upon the residents of the city making the annexation." Pence v. Frankfort, 19 Ky. Law Rep., 726.

Third. The territory annexed to Central Covington, being a part of Kenton county, as well as of a taxing district, and subject to a tax for a bonded indebtedness, with certain gevernmental rights, to pay taxes, build roads, etc., the policy of the law should bring it within the definition of the words "incorporated town," in order to effect the clearly defined purpose of the Legislature, set out in the act itself. Burke v. Monroe Co., 77 Ills., 610.

Fourth. Section 171 of the Constitution requires all taxation to be equal and uniform within the territorial limits of the authority levying the tax. This section being in effect when the charter law for sixth class towns was passed, it was beyond the power of the Legislature to grant sixth class towns a right of annexation, which would in effect be violating the provisions of the Constitution. Cooley's Con. Lim., 618; Donally v. Carpenter, 20 Ky. Law Rep., 679; Broux v. Maysville, 41 N. Y., 358, Thompson v. Abbott, 61 Mo., 176.

KENTON COUNTY BRANCH.

First. Act of May 13, 1890 (Acts 1889-90, vol. 3, page 674.

Second. The General Fiscal Court Law did not repeal the Act of May 13, 1890, to the extent that authority was given the fiscal to levy taxes for turnpike bond purposes. Mauget v. Plummer, 21 Ky. Law Rep., 641; Campbell Co. v. N. & C. Bridge Co., 23 Ky. Law Rep., 2060.

Third. The charter law of sixth class towns, wherein the right of annexation was given, operated to reduce the limits of the general taxing district, and to exempt the territory of appellants from taxation, for all turnpikes constructed subsequent to annexation, all of Central Covington being exempted from the tax by the Act of May 13, 1890. Donally v. Carpenter, 20 Ky. Law Rep., 675.

Fourth. Section 171 of the Constitution, being prospective in its action, did not operate to so repeal the act of May 13, 1890, as to confer upon the fiscal court the right to exempt the local district from taxation for turnpike purposes, and at the same time to double the taxes for the same end, on the general dis-

trict. Both districts being created by the same act, must continue subject to taxation under this act, until all indebtedness created by the act is paid off and extinguished. O'Mahoney v. Bullock, 97 Ky., 774; Pearce v. Mason Co., 99 Ky., 365; Long v. City of Louisville, 17 Ky. Law Rep., 256; Campbell Co. v. N. & C. Bridge Co., 23 Ky. Law Rep., 2056; Covington v. District of Highlands, 24 Ky. Law Rep., 435.

Fifth. The Act of May 13, 1890, is and was constitutional. Devou v. Boske, 23 Ky. Law Rep., 365; Devou v. Com'r, 16 Ky. Law Rep., 286; Ludlow v. Cleveland, 20 Ky. Law Rep., 174.

Sixth. The tax as laid is illegal and void. If the appellants owe any part of the tax when properly levied, the illegal part of same, being altogether inseparable from the legal part, no tender was necessary. Thompson v. Lexington, 24 Ky. Law Rep., 460; Clark v. Leathers, 9 Ky., Law Rep., 557; New Orleans Canal Co. v. New Orleans, 30 La. An., 1371; Cooley on Taxation, 2d ed., 235; Cooley, Idem., 640; State v. Hodges, 14 Rich., 256; Santa Clara Co. v. Sou. Pac. R. R. Co., 118 U. S.; High on Injunctions, secs. 497, 499.

Seventh. The bonds issued for turnpike purposes, were neither the bonds of Kenton county nor the general turnpike taxing district. Kenton county only acted as agent for the two districts created by the act. These bonds must be paid for as provided by the terms of the Act of May 13, 1890. City of Catlettsburg v. Self, 25 Ky. Law Rep., 164.

Eighth. The facts upon which appellee alleges "Laches" upon part of appellant do not appear in the record. The appellee having failed to present them by answer, there is no foundation for the claim of "Laches."

Ninth. The schedule of the Constitution, secs. 1 and 2, prohibit the Constitution from having a retrospective operation. Schedule, secs. 1 and 2.

Tenth. The trial court has no authority to require a petition to be reformed after a demurrer had been filed and overruled, and answer filed, and especially after a reference has been made to the master, under which a report has been made, which report had been confirmed, without objection and exception. Under such conditions, the court to serve the ends of justice will consider the entire record. See argument.

R. S. HOLMES, FOR APPELLANTS.

### CLASSIFICATION AS REQUIRED BY RULE XVII.

#### CENTRAL COVINGTON BRANCH.

First. When a town of the sixth class so extends its corporate limits as to take in property which was part of a taxing dis-

trict burdened with a bonded debt, such town must assume that part of the indebtedness for which the property annexed,. was liable. The phrase, "When one town annexes the territory of another," and "other municipal corporation," as used in the charters of said towns, section 3667, Kentucky Statutes, embraces within its meaning unincorporated taxing districts, or parts thereof.    Pomeroy's Equity Jur., secs. 411-412; Spencer v. State, 5th Ind., 41; State v. Miller, 106th Ind., 241; Endlich on Interpretation of Statutes, sec. 73; Village of Iuka v. Schlosser, 97th Ills., 222; Trustees of Common School District,. 96th Ky., 705; Potter's Dwarris on Statutes, 144; City Park v.. Monroe Co., 77th Ills., 610; McIntyre v. Ingraham, 35 Miss., 25; Secs. 157 and 159, Constitution of Kentucky; Harsham v. Bates Co., 92 U. S., 573; Sutherland on Statutory Construction, secs. 244 and 245; Re. Bryant Deady, 188; State v. King, 44th Mo., 283; Rex v. Bullock, 1st Taunt, 80.

Second. Even though charters may be silent as to assuming liabilities of annexed territory, yet upon principles of equity and justice, said liabilities should be assumed by the annexing town. Bronx Gas Co. v. Mayer, 31st N. Y., 338; Clochester v. Seaber,. 3d Bur, 1868; Thompson v. Board of Education of Springfield, Mo., 61 Mo., 177.

Third. Section 3666 of Kentucky Statutes, a section of the charters of sixth class towns, providing that territory annexed to towns shall not be liable to a tax for any preexisting debts of said towns, is clearly unconstitutional.    Kentucky Statutes, sec. 3673; Pearce v. City of Frankfort, 10 Ky. Law Rep., 727; Layton v. City of New Orleans, 12th Annl., 515; Slauson v. Racine, 13th Wis., 398; Constitution of Kentucky, sec. 171.

Fourth. Assuming liability of annexed territory would not bring town within the taxing district, nor is the vote of the people necesary for that purpose.

### KENTON COUNTY BRANCH.

First. Act of May 13, 1890.   Local turnpike road districts provided for in said act must remain intact until the cost of their respective roads is fully paid.    Campbell Co. v. C. V. N. & C. Bridge Co., 23d Rep., 2060; McFerran, &c. v. Halloway, 14th Bush, 583; Cooley on Constitutional Lim., 633; Hill v. Higdon, 5th Ohio St., 243-245; Gordon v. Corns, 4th N. Y., 608-611; Ale v. Drew, 44th Vt., 174-187; Alcrom v. Hamer, 32 Miss., 652-761; Litchfield v. Vernon, 41 N. Y., 123-133; Cooley on Taxation, 151.

Second. Section 171, Constitution, did not repeal or modify Act of 1890 in such a way as to relieve or exempt the local districts from the tax provided in said act.    Desty on Taxation,

475; Clark v. Leathers, 9 Ky. Law Rep., 561; Mecham on Public Officers, secs. 5 to 14; Clark v. Des Moines, 19th Iowa, 199; Dillon on Municipal Cor., 769-820; City of Paris v. Moran, 5 Ky. Law Rep., 333; sec. 1839, Kentucky Statutes; sec. 52, Constitution of Kentucky; Devou v. Boske, 23 Ky. Law Rep., 364; Yeatman v. Crondall, 11th La. Annl., 220; Denver v. Knowls, 17th Colo., 220; City of Lexington v. McQuillan's Heirs, 9th Dana, 513; Howell v. Bristol, 8th Bush, 493; Holzhauer v. City of Newport, 15 Ky. Law Rep., 188; Pearson v. Zable, 78 Ky. 173; Cooley Constitutional Lim., 495.

Third. Section 171 of Constitution not retrospective in its operation. Slack v. Lexington and Maysville R. R. Co., 13th B. Monroe, 19; Long v. City of Lou., 97 Ky., 364; Evans v. Phillipi, 117 Pa., 226; Shreveport v. Cole, 129th U. S., 36; Eugene Cuttling, Tr. of Pierre City, v. Taylor, Auditor, 15th L. R. A., 1691; Allbayer v. State, 10th Ohio State, 588; Cooley on Constitutional Lim., 77; L. & N. R. R. v. Sharp, 9th Ky. R., 411; Lawrence v. City of Louisville, 96 Ky., 595; Williams v. Detroit, 2d Mich., 560; sec. 152, schedule to Constitution of Kentucky.

Fourth. Bonds can only be funded upon clear legislative authority, and taxes, therefore, can only be imposed as is authorized by the Legislature. Act of August 16, 1892, Kentucky Statutes, sec. 1852; Act of March 5, 1892, Kentucky Statutes, sec. 1857; Act of June 23, 1893, sec. 914, Kentucky Statutes; Brown's Legal Maxims, 3; Dean v. Diamond, 4th B. & C., 245; Cooley on Taxation, 200; Desty on Taxation, 102; sec. 158 Constitution of Kentucky; Cooley on Consti. Lim., 206; Daviess Co. Court v. Howard, 13th Bush, 108.

Fifth. Annexed territory not liable for any liability for turnpike road debt which did not exist prior to said annexation to Central Covington. Carpenter v. Donnelly, 20 Ky. Law Rep., 675.

Sixth. Tender of taxes is not a necessary condition precedent to institution of action, where the levy in question is inseparable. State v. Hodges, 14th Rich., 256; Dean v. Lufkin, 54th Texas, 265; Dorland v. Bergson, 68 Cal., 637; Walker v. District of Columbia, 6th Mackey D. C.), 352; Am. & Eng. Enc. of Law, 21, page T571; Santa Clair Co., v. Southern Pac. R. R. Co., 118th U. S., 394; Lawler v. Brett, 20th Fed. R., 219.

Seventh. Grounds specified in Code are not the only grounds upon which courts of equity in Kentucky grant injunctions, Norma v. Boaz, 85 Ky., 560; Gates v. Barrett, 79 Ky., 297; L. & N. R. R. Co. v. Warren Co., 5th Bush, 244; Beach on Injunctions, page 1233.

Eighth. Kenton Co. proper party defendant. Jordan v. Cass Co., Mo., 13 Fed. Cases, 1086.

W. H. MACKOY AND F. M. TRACY, ATTORNEYS FOR KENTON COUNTY.

CLASSIFICATIONS OF QUESTIONS DISCUSSED, AND AUTHOR-
ITIES CITED IN SUPPORT OF EACH QUESTION.

1st. The property of plaintiffs in this case is still a part of
the Kenton County Turnpike Taxing District created by the
Act of May 13, 1890, notwithstanding its annexation to the
town of Central Covington, and is subject to the burdens im-
posed by that act.  Donnelly, Tax Collector, v. Carpenter, 20
Ky. Law Rep., 675, 679; De Las Casas, et al.,. Petitioner, 178
Mass., 213; Kentucky Statutes, sections 3667, 3666; Constitution
of Kentucky, section 157.

2d. The provisions of sections 6 and 7 of the Act of May 13,
1890, in regard to the manner of levying taxes for the payment
of county bonds issued and sold for the construction of turn-
pikes in the Kenton county, did not create a contract or pre-
vent the Constitutional Convention or the General Assembly
from readjusting the burden of taxation in the county district;
and the levying by the fiscal authorities of Kenton county of
an equal and uniform ad valorem tax upon all property in the
County Turnpike Taxing District, in order to provide a fund
with which to pay the interest on and raise a sinking fund for
the ultimate payment of the county bonds issued and sold for
the construction of turnpike roads in the county district, is
legal and is required by section 171 of the Constitution, which
is mandatory.  Kentucky Constitution, section 171; Schedule of
Constitution, section 1; Kentucky Statutes, sections 1833, 1839,
1840, 1841; Levi v. City of Louisville; 97 Ky., 394, 401, 408;
Campbell Co. v. N. & C. Bridge Co., 23 Ky. Law Rep., 2056, 2057,
2058, 2059; Layton v. City of N. O., 12 La. An. Rep., 515; Mc-
Arthur v. Nelson, 81 Ky., 67, 70; Arkenberg v. Hudson, 7 Ky.
Law Rep., 517; City of Covington v. District of Highlands, 24
Ky. Law Rep., 433, 437; Desty on Taxation, vol. 2, p. 1132; Cam-
bridge v. Lexington, 17 Pick., 222; Att'y Gen'l v. Cambridge,
16 Gray, 247; Scituate v. Weymouth, 108 Mass., 128; King, etc.
Petitioners, 153 Mass., 566; Kingman, et al., Petitioners, 170
Mass., 111; Boston & Lowell R. R. Co. v. Inhabitants of Win-
chester, 156 Mass., 217, 219; Prince v. Crocker, 166 Mass., 347,
359; Sears v. Boston, 173 Mass., 71, 78; Cash v. Town of Doug-
lasville, 94 Ga., 557; Desty on Taxation, vol. 1, pp. 257, 272.

3d. That the refunding by the fiscal authorities of Kenton
county of county bonds issued under the provisions of section
5 of the Act of May 13, 1890, is legal, and the. funding bonds
issued and sold are valid; and that this is true whether the
refunding bonds were sold before or after the annexation of the

property of plaintiffs to the town of South Covington. Ken-tucky Statutes, section 914; Kentucky Constitution, section 158; Dillon on Municipal Corporations (4th ed.), section 127; Far-son v. Comm'rs of Sinking Fund, 97 Ky., 119, 126; Rogers v. City of Burlington, 3 Wall., 654, 672; Seibert v. Mayor, etc., of Pittsburg, 1 Wall., 272, 274; Com. v. City of Pittsburg, 41 Pa., 278; Middleton v. Alleghany Co., 37 Pa., 241; Myer v. City of Muscatine, 1 Wall., 384, 398; Beach on Public Corporations, section 928;; Portland Savings Bank v. City of Evansville, 25 Fed. Rep., 389, 392; Rogan v. Watertown, 30 Wis., 259, 268; City of Galena v. Cornwith, 48 Ill., 423; Portsmouth Savings Bank v. City of Springfield, 4 Fed. Rep., 276, 281; Slack v. Mays-ville & Lexington R. R. Co., 13 B. M., 1, 27; Arkenberg v. Hud-son, 7 Ky. Law Rep., 517, 518; City of Covington v. District of Highlands, 24 Ky. Law Rep., 433, 437.

4th. That the old Board of Commisioners of Kenton county in office at the time of the taking effect of the Act of May 13, 1890, are not continued in office by that act until the county bonds issued thereunder are paid and extinguished, and that the Fiscal Court of Kenton county, composed of the county judge and the justices of the peace of the county, has author-ity to levy the taxes provided for by the said act. Dillon on Municipal Corporations (2d ed.), section 168; Cooley on Consti-tutional Limitations, marg. page 276; Standiford v. Wingate, 2 Duv., 443; Williams v. City of Newport, 12 Bush, 439; Ken-tucky Statutes, sections 1833, 1839, 1840, 1841; McInerney, Sher-iff, v. Huelefeld, 25 Ky. Law Rep., 272.

5th. That the fact that the Fiscal Court of Kenton county in the year 1902 was composed not only of the justices of the peace within the county turnpike district, but also of two justices of the peace from magisterial districts lying within the City of Covington, does not affect the validity of the tax levied for that year to pay the interest upon the bonds issued for the construc-tion of turnpikes under the Act of May 13, 1890. Clark v. Leath-ers, 9 Ky. Law Rep., 558, 562.

6th. That the Act of May 13, 1890, is not repealed by the new Constitution of Kentucky. Shelby Co. v. Shelby R. R. Co., 5 Bush, 225; Malchus v. District of Highlands, 4 Bush, 547; McArthur v. Nelson, 81 Ky., 67; McFerran v. Alloway, 14 Bush, 580; People v. Lawrence, 36 Barb. (N. Y.), 177; Desty on Tax-ation, vol. 2, p. 1131; Constitution of Kentucky, sections 69, 157, 158, 159, 171, 179; City of Covington v. Districts of High-lands, 24 Ky. Law Rep., 433; Bird v. Board of Comm'rs of Kenton County, 95 Ky., 194; Devou v. Comm'rs Pleasant Run Tp. Co., 16 Ky. Law Rep., 286; Ludlow v. Cleveland, 20 Ky. Law Rep., 174; Donnelly, Tax Collector, v. Carpenter, 20 Ky. Law

Rep., 675; Devou v. Boske, Sheriff, 23 Ky. Law Rep., 364, 365; Richardson v. Boske, 23 Ky. Law Rep., 1209, 1214; Pearce v. Mason Co., et al., 99 Ky., 357, 366.

7th. That the Act of May 13, 1890, is not repealed by the law with reference to roads and passways, chap. 110 of the Kentucky Statutes. O'Mahoney v. Bullock, et al., 97 Ky., 774.

8th. That the turnpike bonds issued under the Act of May 13, 1890, and the bonds in which they were refunded, are not a liability of the entire county, but only to that portion of the county lying outside of the corporate limits of the towns and cities of Covington, Central Covington, West Covington and Ludlow as they existed at the time of the passage of the act. Clark v. Leathers, 9 Ky. Law Rep., 558, 561, 562.

9th. That a part of the tax required to be levied for the payment of turnpikes constructed under the Act of May 13, 1890, being admittedly due and payable, as appears from the amended petition, it was the duty of the appellants to tender, or offer to pay the portion of the tax admitted to be due, and so alleged in their amended petition; and that the appellants having failed so to do their amended petition is demurrable and was properly dismissed. City of Louisville v. Board of Trade, 90 Ky., 409, 418; Thompson v. City of Lexington, 20 Ky. Law Rep., 457, 460; White v. Cates, 7 Dana, 358; Cooley on Taxation, 536, 537; Taylor v. Secor, 2 Otto (U. S.), 575; German Nat'l Bank of Chicago v. Kimball, 13 Otto (U. S.), 732, 735; High on Injunctions (3d ed.), sections 498, 497, 491, 489; Comm'rs of Osborne Co. v. Blake, 19 Kan., 299; Hagaman v. Comm'rs of Cloud Co., 19 Kan., 394; Swinney v. Beard, 71 Ill., 27; L. & N. R. R. Co. v. Warren Co. Ct., 5 Bush, 243; Gates v. Barrett, 79 Ky., 295; Baldwin v. Shine, 84 Ky., 502.

10th. That the appellants have been guilty of such laches that they are not entitled to relief, for that they stood by, permitted the issue and sale of the refunding bonds, and paid the taxes levied to pay the interest thereon for a number of years prior to the bringing of their action, when it was within their power to have prevented the issue and sale of said bonds if the fiscal authorities of Kenton County Taxing District had been proceeding illegally. The appellants have been silent when they should have spoken, and in equity and good conscience they are now estopped from speaking, and can not be permitted to claim that the bonds in controversy are not the valid obligations of the Kenton County Turnpike Taxing District   Ferguson v. Landram, 1 Bush, 565; Ferguson v. Landram, 5 Bush, 235; Richard v. Mackall, 124 U. S., 183; Lane & B. Co. v. Locke, 150 U. S., 193; Galliher v. Cadwell, 145 U. S., 368; Martin v. Gray, 142 U. S., 236; People's Bk. of Belleville v. Manufacturers' Nat'l

Bank of Chicago, 101 U. S., 181; Kinsman v. Parkhurst, 18 How., 289; Daniels v. Tierney, 102 U. S., 415; Johnston v. Standard Mining Co., 148 U. S., 360; Board of Comm'rs of Anderson Co. v. Beal, 113 U. S., 227.

11th. That the Kenton County Turnpike Taxing District, created by the Act of May 13, 1890, is a valid and existing district for the purposes for which it was created, except in so far as said act may be affected by the provisions of the new Constitution or by subsequent legislation. City of Covington v. District of Highlands, 24 Ky. Law Rep., 433, 435, 436, 437; Campbell Co. v..N. & C. Bridge Co., 23 Ky. Law.Rep., 2056; Richardson v. Boske, 23 Ky. Law Rep., 1209; Campbell Co. v. Commissioners of the Court House District, 19 Ky. Law Rep., 860; Pearce v. Mason County, et al., 99 Ky., 357; O'Mahoney v. Bullock, et al., 97 Ky., 774.

12th. That no cause of action is stated in the amended petition against Kenton county, which is improperly made a party defendant to this action. The cause of action, if any, is not against Kenton county, but against the fiscal court of Kenton county, which is also the governing authority of the Kenton County Turnpike Taxing District, and the body authorized by law to levy the tax to pay for turnpikes constructed under the Act of May 13, 1890.

13th. That Jennie S. Holmes, R. B. Wallace, Elizabeth W. Morton, C. W. Simrall and B. Simrall, named in the statement for appeal herein as appellants, were not parties to the action in the lower court, are improperly joined as appellants and that this appeal should be dismissed as to them.

ORLANDO P. SCHMIDT, ATTORNEY FOR TOWN OF CENTRAL COVINGTON, APPELLEE.

## CLASSIFICATION OF POINTS AND AUTHORITIES, XII.

We respectfully submit that we have established the following points beyond contradiction, to-wit:

1. Appellants seek to enjoin the collection of the regular town taxes upon the sole ground that the town has failed to pay their turnpike tax for them.

2. There is no statute or law requiring or authorizing the town to assume or pay this turnpike tax for the appellants

3. Sections 3666-3667, when read and construed together, show by necessary implication that, where a town of the sixth class annexes territory other than a town or municipality, it does not become bound for the debt or liabilities of such annexed

territory; neither does the annexed territory become liable for any antecedent debts or liabilities of such annexing town.

4. The tax sought to be enjoined is equal and uniform throughout the town, including the annexed territory.

5. The municipal taxes in the original town and annexed territory are absolutely equal and uniform each section being equally taxed to carry on the municipal government, and each section being required to pay its respective debts and liabilities created prior to the annexation, which approximates equality and uniformity as closely as human laws could be expected to approximate them.

6. Where one town annexes another, it becomes the owner of all the corporate property, franchises and rights of the annexed town, in consideration of assuming the debts and liabilities of the annexed town, and the taxes thereby become equal and uniform.

7. The first paragraph of the condensed petition, being the paragraph aimed at the town of Central Covington, does not state facts sufficient to constitute a cause of action against the town, and the judgment of the lower court, sustaining a demurrer to it, was correct upon its face.

8. As the alleged ground upon which the collection of the regular town taxes was enjoined and restrained is not a legal or valid ground in law, the several restraining orders and temporary injunctions were rightly dissolved, and should not be continued in force by this honorable court.

9. The collection of the regular revenue of a State or municipality should not be interfered with by a court of equity, except for the clearest reasons, and to prevent great and irreparable injury. Cooley on Taxation, pp. 536-537; High on Injunctions, sec. 537; Dillon on Municipal Corporations, p.

10. The mere fact that appellants are still legally bound to pay their just proportion of this special turnpike tax, levied to pay a bonded liability incurred long before they were annexed to Central Covington, constitutes no legal reason why the town should assume said liability, and constitutes no legal reason why they should refuse to pay their regular town taxes in common with every other taxpayer in the town. Donnelly v. Carpenter, 20 Ky. Law Rep., 697; Chambers v. Adair, 23 Ky. Law Rep., 373; Kentucky Statutes, secs. 3666-3667.

11. The town could not assume this liability, even if it were so inclined, without the affirmative vote of two-thirds of all the qualified voters of the town. Kentucky Statutes, sec. 3705.

12. Appellants admit that they were in the taxing district when the turnpikes were built and the bonded indebtedness in-

curred, and that they were not annexed by the town until nearly four years afterward.

Under section 171 of the present Constitution this court has laid down the doctrine that the tax levy of a town must be uniform upon all the property situated within its limits, including agricultural lands presumably not benefitted by the tax. Board of Councilmen of Frankfort v. Scott, 10 Ky. Law Rep., 1068; Board of Councilmen of Nicholasville v. Rarrick, 19 Ky. Law Rep., 1415; City of Richmond v. Gibson, 20 Ky. Law Rep., 358. Under these decisions it was the duty of the town of Central Covington to levy the tax complained of upon the property of appellants, as well as all other property situated in the town.

Wherefore, it is respectfully submitted that the motion of appellants to continue in force the temporary injunction should be refused, for the reason that no grounds for an injunction exist and the further reason that the "ends of justice" do not "require" such continuance.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming in part.

By an act of May 13, 1890 (Acts 1889-90, p. 675, c. 1491) the General Assembly made all of Kenton county outside of the cities of Covington, Central Covington, West Covington, and Ludlow a district for the construction of turnpikes. The provisions of the act were not operative within the limits of the cities named, but applied to all the rest of the county. The act allowed the creation of a road district for the construction of a turnpike road to extend on each side one mile from the proposed road. It required the road and district benefited to be surveyed, and the persons owning property therein to be ascertained. When the cost of construction was determined, the board of county commissioners was required to issue 10 bonds of the county of equal amounts for the aggregate cost of the pike, payable in 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 years, respectively, to be sold for not less than par, and the proceeds to be applied to pay for the construction of the road. The county commissioners were required anually for 10 years to levy a tax on all property in the road district liable for assessment for State

taxation sufficient to pay one-half of the bond and one-half of the interest on the bonds due the following year. They were also required to levy annually for ten years a tax upon all the property in Kenton county outside of the cities named sufficient to pay the other half of the bonds as they fell due, and the interest on the bonds. After the act went into effect, a number of turnpikes were built in Kenton county under its provisions, and bonds to pay for them were issued and sold as provided in the act. Subsequent to this, and after the new Constitution took effect, the town of Central Covington extended its limits under section 3664, Ky. St. 1903, taking in appellants' property, which lay outside of any of the road districts, but within Kenton county, and outside of the cities excepted from the operation of the act. Appellants then brought this suit against the town of Central Covington upon the idea that, as the town had annexed them, and they were required to pay town taxes, the town must assume their liability for the turnpike tax. The question turns upon the proper construction of the statute, which is as follows: "The judgment shall, when entered, be certified to the legislative board of the city, who may thereupon annex to or strike from the city or town the territory described in the judgment, and such territory shall become, or cease to become, as the case may be, a part of the town. But the persons owning the territory so annexed nor the territory shall be liable for any indebtedness of said town created prior to said annexation. nor shall any town assess or collect taxes on said property in said territory to pay any part of said indebtedness or liability." Section 3666, Ky. St., 1903. "If any incorporated town be annexed to another, the town so annexing the territory of another shall be bound for all debts and liabilities, and shall be the owner of all the corporate proper-

ty, franchises and rights of such municipal corporation."
Section 3667, Id. As the town has the option whether or
not it will annex the territory sought to be taken in, it is
provided that such territory shall not be liable for the pay-
ment of any indebtedness or liability created prior to the
annexation; for it would be unjust to allow a town to cre-
ate a debt, and, after it had received the benefit of the ex-
penditure, annex other territory against its consent, and
thus impose on it a liability for indebtedness already in-
curred. It is also provided that, if an incorporated town
be annexed to another, the town so annexing the other shall
be bound for all its debts and liabilities, and shall be the
owner of all its corporate property. But this provision
only applies where the existence of one corporation is
merged in the other, and, as the annexing town has the
option to annex or not, it may not take in the other town
where it is unwilling to assume its liabilities. This pro-
vision has no application where unincorporated territory is
taken in by annexation. It only applies to the corporate
debts and corporate property of "such municipal corpora-
tion" where one corporation is taken into another. The
territory annexed in this case was unincorporated, and
therefore the town of Central Covington assumed no obli-
gation in annexing it under the statute.

But it is insisted that the statute is in conflict with sec-
tion 171 of the Constitution. This brings us to the second
point raised in the case, which will now be considered in
determining the meaning of section 171 of the Constitution.
After the present Constitution took effect, the county au-
thorities of Kenton County, on the idea that all taxes levied
by them must be uniform within the territorial limits of
their authority, ceased to levy any taxes on the road dis-
tricts in which the turnpikes were built, and levied the

Carpenter, &c. v. Town of Central Covington, &c.

entire tax on the county of Kenton outside of the cities named. This placed upon appellants' property, which was not within any of the road districts, the entire burden of the tax to pay the bonds, whereas by the act of 1890, under which the debt was created, one-half of the burden should have been borne by the road district in which the turnpike was built. Appellants complain of this increase of their burdens, and it is insisted for appellees that section 171 of the Constitution required the county authorities to follow the plan they pursued. That section is as follows: "The General Assembly shall provide by law an annual tax which, with other resources, shall be sufficient to defray the estimated expenses of the Commonwealth for each fiscal year. Taxes shall be levied and collected for public purposes only. They shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws. " It is reasonably clear from the Constitution that it was not intended by its makers to affect in any way indebtedness already incurred or obligations already assumed by any of the municipalities of the State. In section 158, limiting the indebtedness of municipal corporations, there is this proviso: "Provided, any city, town, county, taxing district or other municipality may contract an indebtedness in excess of such limitation when the same has been authorized under laws in force prior to the adoption of this Constitution or when necessary for the completion of and payment for a public improvement undertaken and not completed and paid for at the time of the adoption of this Constitution." By section 2 of the schedule all obligations and other instruments entered into before the adoption of the Constitution to the State or any subdivision thereof, and all actions and causes of action, except as therein

provided, shall continue and remain unaffected by the adoption of the Constitution. The act of May 13, 1890, had been submitted to the people and had been put into operation by a majority vote. By it, as shown, one-half of the liability was placed on the road district and one-half on the county district. There is nothing in the Constitution evincing a purpose to shift the obligation of one district to the other; on the contrary, it carefully takes away from the officers of municipalities the power to incur liabilities beyond the income or revenue of each year without a vote of the people, and under its provisions the county of Kenton could not, without popular consent, assume the liability of the road districts. Among other things, section 157 provides: "No county, city, town, taxing district, or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void. Nor shall such contract be enforceable by the person with whom made; nor shall such municipality ever be authorized to assume the same." But, aside from all this, the requirement of section 171 that taxes shall be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax has no such meaning as supposed. In the case before us, if the act of 1890 had directed that the bonds of the road district should be issued for one-half the cost of the pike and the bonds of the county for the other half, that the county commissioners should make a levy on the taxable property of the road district to meet its bonds, and that they should make a similar levy on the property of the

county to meet its bonds, the case would not be, in sub-
stance, different from that presented, for the obligation of
the road district to pay one-half the debt is just as clear
as if different bonds in fact had been issued. The road dis-
trict is created by the act a quasi corporation, and as such
owed one-half the debt. The fact that the bonds were all
issued in the name of the county was a mere matter of form,
not affecting the substance of the transaction. If several
districts of a county become indebted and issue bonds, a
tax may be levied on these districts to pay the debt which
they owe, although a similar tax is not levied on other parts
of the county which do not owe the debt. The reason is
that only property in these districts is subject to taxation
for the purposes of these debts, and the constitutional re-
quirement is only that taxes should be uniform upon all
property subject to taxation within the territorial limits
of the authority levying the tax. In levying such a tax the
county authorities act as the representatives of the people
within the district which created the debt, and the tax is
uniform on all of them, and on all property subject to tax-
ation within the limits of the district. When, therefore, a
town boundary is contracted, the town authorities may
still levy a tax on the old boundary for the debts created,
and at the same time levy in addition other taxes for cur-
rent expenses and the like on the boundary left within the
town. In the same way, when a town boundary is extended,
taxes to pay the existing indebtedness must be levied upon
the old boundary. In other words, taxes for a specific pur-
pose may be levied on the property which is taxable for that
purpose, and must be uniform throughout the district which
is liable for the tax. But there is nothing in the Constitu-
tion to require that a municipality as a whole must levy

taxes on the property of its entire territory to pay a debt
for which the property in only one district of it is legally
taxable. In section 180 of the Constitution it is provided:
"Every act enacted by the General Assembly, and every or-
dinance and resolution passed by any county, city, town
or municipal board or local legislative body, levying a tax,
shall specify distinctly the purpose for which said tax is
levied, and no tax levied and collected for one purpose shall
ever be devoted to another purpose." The purpose of this
provision is to protect the people in such states of case as
above indicated. The authorities levying the tax must spec-
ify the purpose for which it is levied, and when only a spec-
ial district is liable for the tax the levy should be so made
as to indicate the territory on which it is levied. In this
way distinct levies may be made by the same municipal
authorities on different districts when necessary to meet
their obligation, and there is nothing in the Constitution
forbidding this to be done. See Board of Education v. Louis-
ville, etc., Ry. Co., 62 S. W., 1125, 23 Ky. Law Rep., 376;
Chambers v. Adair, 62 S. W., 1128, 23 Ky. Law Rep., 373.
We therefore conclude that the statute above quoted as
to the liabilities of the town when territory is annexed is
constitutional, and that the course pursued by the Kenton
county authorities in levying the tax to pay the bonds en-
tirely on the county district was unauthorized.

The act of May 13, 1890, is still in force. In O'Ma-
honey v. Bullock, 97 Ky., 774, 17 R., 523, 31 S. W., 878, this
court had before it the question whether a similar local act
of May 3, 1890 (Acts of 1889-90, p. 33, c. 1231), for the ben-
efit of Fayette county, was in force, and it was held that
the act was not repealed by the new Constitution, or by the
acts passed in 1892, 1893 and 1894. In Pearce v. Mason
County, 99 Ky., 357, 18 R., 266, 35 S. W., 1122, the same ques-

tion was presented as to a similar act in force in Mason county, and it was again held that such local legislation was still in force. In that case the court said: "In order that no inconvenience might arise by reason of the alterations and amendments of the law by that instrument, it was deemed proper to provide that the Constitution left in force all laws of the Commonwealth with which it was not inconsistent. This provision, instead of emphasizing the alleged policy of hostility to existing special legislation, expressly continued it in force unless inconsistent with the Constitution; and when it is admitted or becomes manifest that a local or special act is not inconsistent with the Constitution, and has not been repealed by a general law, the question is settled, and the law stands. The positive mandate is against local and special legislation in the future, and, even if we concede that the Constitution breathes a spirit of hostility to past legislation of that class, it is expressly continued in force until repealed in the manner we have heretofore pointed out." The only legislation on the subject since these decisions were rendered is the "act to provide free turnpikes and gravel roads," approved March 17, 1896 (Acts 1896, p. 39, c. 27), the last section of which contains these words: "This act shall not repeal any local act or acts for any county or counties in this Commonwealth, which have been heretofore passed, in aid of free turnpikes, but shall be an addition thereto." Acts 1896, p. 46, c. 27. The Legislature thus plainly left in force all local acts on the subject. In Richardson v. Boske, 64 S. W., 919 23 Ky. Law Rep., 1209, and the other cases following it, we had before us different statutory provisions, and it was held that the new legislation repealed the old provisions; but that conclusion can not be sustained here, as the old legislation is expressly left in force. But the acts of May

3, 1890 (Laws 1889-90, p. 121, c. 1261), expressly excepted out of its operation the town of Central Covington, and when appellants' property was annexed to the town it became a part of the town for all purposes, and as to all liabilities thereafter created stood just like the rest of the town. It is not liable, therefore, to taxation for the construction of a pike undertaken after the annexation, although it is liable to taxation for all those undertaken before its annexation. The annexation of the territory to the town did not affect its existing liabilities, but by its annexation it was taken into a municipality in which the act of 1890 was not operative, and therefore it is not subject under that act to taxation where no liability had attached before its annexation. After its annexation to the town it must pay taxes for municipal purposes, and it can not thereafter be made liable for improvements subsequently undertaken in the county district under an act which is not operative as to it.

Section 914 Ky. St., 1903, provides: "Whenever any county, under laws heretofore enacted, has issued bonds for turnpike road purposes, such county may issue bonds in lieu thereof to mature in not more than thirty years after their date, and bearing interest at not greater rate than such bonds already issued; and any new bonds hereafter issued by any county for such purposes under such laws may be made to mature in like manner and bear such interest. Taxes authorized by such laws heretofore enacted may be levied and collected as may be necessary to pay bonds or interest thereon issued as provided in this act. But this act shall not affect any law under which bonds for turnpike purposes are authorized to be issued, having a longer time than thirty years from their dates to mature." After the passage of this statute the Kenton county authorities

issued bonds under it payable in 30 years, and took in the bonds issued under the act of 1890. It is insisted that this was unauthorized. But the bonds issued under the act of 1890 had been issued by Kenton county, and were county bonds within the meaning of the statute quoted. We therefore conclude that the new bonds are valid, but that taxes authorized by the act of 1890 must be levied and collected to pay the new bonds. The only purpose of the statute was to authorize bonds issued for a longer time. The second clause evinces a clear purpose not to change the burden of taxation in any way. Catlettsburg v. Self, 74 S. W., 1064, 25 Ky. Law Rep., 164.

The board of commissioners of Kenton county have been abolished, and their duties have been imposed upon the fiscal court. The fiscal court may therefore make such levies or perform such duties as the board of commissioners might have made or performed under the original act. The appellants have not been guilty of laches barring them of relief in equity. In so far as they have paid taxes, they are without remedy; but each year's tax is a separate cause of action, and the payment of the tax for one year does not bar the right to contest that for another year. The court should ascertain on final hearing how much of the taxes sued for appellants should pay. In the condition of affairs, they are not required to make a tender of any amount, as they can not know how much they are required to tender. A man is not required to make a tender in a case of this sort in order to obtain an injunction where he is unable to know how much he owes.

The judgment dismissing the petition as to the town of Central Covington is affirmed, but the judgment in favor of Kenton county is reversed, and on the return of the case to the circuit court the sheriff of the county and the mem-

bers of the fiscal court will be made defendants to the action by an amended petition to be filed by the plaintiffs, and the court will on final hearing enter such orders and judgments as will direct the officers in the discharge of their duties, and ascertain and determine how much of the taxes in controversy plaintiff should pay under the principles above indicated, and require the money paid to the sheriff.