**CITY OF DECATUR et al. v. THAMES BANK & TRUST CO. et al.**

**No. 8058.**

Circuit Court of Appeals, Fifth Circuit.

June 9, 1936.

Charles H. Eyster, John H. Peach, and T. C. Almon, all of Decatur, Ala., for appellants.

Wm. Alfred Rose, Douglas Arant, and J. Edward Thornton, all of Birmingham, Ala., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant the city of Decatur is a consolidated city made up of the two adjoining cities, Decatur and Albany. Appellees are holders of judgments against the consolidated city of Decatur on bonds issued by the city of Albany before the consolidation. The judgment for mandamus from which this appeal was taken was entered in a suit consolidating the suits appellees had individually brought on these judg-

ments. The object of these suits was to compel the officers of the consolidated city to levy and collect taxes on property in the Albany portion of it up to 1 per cent., the amount Albany was authorized to levy when the bonds were issued, and did levy in 1926, the year before the consolidation. The defense was that by the Constitution of Alabama Decatur was limited to a tax levy of one-half of 1 per cent., and by the consolidation Albany was merged into Decatur; that the effect of the merger was "to destroy the existence of Albany as a distinct municipality, as for the future, and therefore to remove it from all existing statutory or constitutional provisions and automatically to make applicable thereto such provisions as relate to the city of Decatur." Re Opinion of the Justices, 216 Ala. 339, 113 So. 245, 246, so that Decatur's debt levying power, limited to one-half of 1 per cent., was the only power remaining in existence. It was insisted, too, that plaintiffs, having accepted the consolidation and sued the city of Decatur, must be taken as having accepted it burdened by the limitations on its debt-levying power.

Plaintiffs, demurring to these defenses, insisted that they were only asking that Decatur be compelled to do with reference to the portion of it which was, and as to their debts still is, Albany, what, had the consolidation not occurred, the officials of Albany could have been compelled to do. They insisted that the new organization of the city of Decatur is, as to the territory which was Albany, obligated as Albany was, and empowered as it was, to discharge those obligations. They pointed out that plaintiffs' suits for the levy of a sufficient tax upon the property which stands charged for their bonds in no manner disputes the validity of the consolidation, in no manner interferes with it. They merely seek what was plaintiffs' right before, and remains their right after, the consolidation to compel the exercise, to provide for their bonds, of the powers and means which existed when they were issued, and as to them continues to exist, unaffected by the consolidation. They argued, but only in the alternative, that, if the constitutional and statutory provisions under which the consolidation was effected should be construed to have the effect of impairing the obligation of their contract as to their bonds, by reducing the taxing power available when their bonds were issued, they would fall under the condemnation of article 1, § 10, of the Constitution of the United States, that no state shall pass any law impairing the obligations of contracts, and under that of sections 22 and 95 of the Alabama Constitution of 1901.

The District Judge sustained the demurrers and gave judgment as prayed. The city of Decatur and its officers are here complaining of that judgment.

We think the judgment was right. It appears from the pleadings that the tax levy permitted the city of Decatur was, and has been for some years, insufficient to provide for its operating expenses and to service these bonds, and that to service them it is necessary to have recourse to the Albany taxing power. In these circumstances, we think it plain that the city of Decatur not only has the right, but it is under the duty, to make the levy, and that, having failed to do so voluntarily, it may be compelled to do so.

The principles which govern this case are well settled. Appellees in the four propositions on which their argument proceeds have clearly stated them with substantial correctness:

"I. The rate of taxation which a municipality is authorized to levy at the time of the issuance of bonds by it becomes a part of the obligation of the contract for the payment of such bonds.

"II. A holder of defaulted municipal bonds reduced to judgment can compel the levy of the full authorized tax rate of the debtor municipality if such is necessary to enforce the payment of his judgment.

"III. The consolidation of one municipality with another does not affect the right of the holders of the bonds issued by the absorbed municipality to compel the levy of the rate of taxation which the absorbed municipality was authorized to levy when the bonds were issued.

"IV. The consolidation of one municipality with another imposes on the resulting municipality liability for performance of the obligations of the absorbed municipality."

A clearer case for their application could hardly be imagined than the one at bar. Appellants' imagined difficulties in the way of their levying the tax simply do not exist. Particularly does the advisory opinion appellants rely on not exist as a difficulty. Expressly reserving opinion as to the rights of the bondholders or other cred-

itors existing at the time of the merger it but declared that the taking over of Albany by Decatur operated, as to future operations, to dissolve Albany and continue Decatur as consolidated under the powers it had theretofore had. As to the existing debts of each municipality, it is quite plain that. while the consolidated municipality did indeed assume and become liable for them, this assumption, in the absence of agreement that it should be, was entirely without prejudice to the creditors' rights. It did not extinguish any of the means or powers available to be exerted when the debts were created. This is settled general law. It is the law of Alabama; section 1827 of the Alabama Code in effect so provides. That act declares that the city or town whose boundary limits have been altered or rearranged shall assume and pay all liabilities and bonds of the city whose government has been extinguished. One of the elements of those liabilities was the obligation to exert the taxing powers existing when the debts were incurred. The taxing powers of Albany therefore as to these bonds have continued to exist. The property in and the inhabitants of Albany until these debts are extinguished or otherwise arranged by some kind of voluntary novation or release remain subject, if necessary to provide for the debt service contracted for, to taxation up to the taxing limits fixed and existing when the bonds were issued. The authorities of the consolidated city are the ones to levy and collect the taxes necessary for this service.

Of the numerous authorities supporting this view, the following may be noted: State of Louisiana ex rel. Hubert v. Mayor of New Orleans, 215 U.S. 170, 30 S.Ct. 40, 54 L.Ed. 144; Town of Samson v. Perry (C.C.A.) 17 F.(2d) 1; Dillon, Municipal Corporations, Vol. IV § 339 and 1512; Com'rs Court of Limestone County v. Rather, 48 Ala. 433; Mayor of Galena v. United States, 5 Wall. 705, 18 L.Ed. 560; United States v. Caplinger (C.C.A.) 18 F.(2d) 898; White v. Mayor of Decatur, 119 Ala. 476, 23 So. 999; Town of Mount Pleasant v. Beckwith, 100 U.S. 514, 25 L.Ed. 699; Graham v. Folsom, 200 U.S. 248, 26 S.Ct. 245, 50 L.Ed. 464; Port of Mobile v. Watson, 116 U.S. 289, 6 S.Ct. 398, 29 L.Ed. 620; Broughton v. City of Pensacola, 93 U.S. 266, 23 L.Ed. 896; c/f Payne v. First Nat'l Bank (Tex.Com.App.) 291 S.W. 209, 213; State ex rel. Fidelity Life Ass'n v. Cedar Keys (Fla.) 165 So. 673.

The law being thus settled, the complaint of inequality Decatur makes, in subjecting property in one portion of the consolidated city to a burden different from that imposed upon that in another portion, is, if the city of Decatur could raise it for the citizens, wholly without merit. Louisiana ex rel. Southern Bank v. Pilsbury, 105 U.S. 278, 26 L.Ed. 1090; United States ex rel. Brown v. City of Memphis, 97 U.S. 284, 24 L.Ed. 937; Carpenter v. Town of Central Covington, 119 Ky. 785, 81 S.W. 919.

The judgment is affirmed.