## City of Covington, et al. v. Bussart, et al.

(Decided June 21, 1912.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

1. Municipal Corporations—Annexation of Territory—Construction of Statutes—Turnpike Taxes—See 119 Ky., 785—The language of section 3053, Kentucky Statutes, declares that turnpike construction taxes were to be a part of the burden assumed by the annexing city, and the clear purpose of the General Assembly in the enactment of this remedial legislation was to place the burden of these taxes upon the city, which might by annexation, take over the territory theretofore subject to the burden. Appellant knew this when it annexed the territory and it should accept the burden along with the benefits.

2. Pleadings.—In the absence of a statement of fact in the answer showing what would be the additional indebtedness imposed upon appellant city by its assumption of the bonds against the property in question, a demurrer was properly sustained to it, the facts stated not being sufficient to raise the question of the limit of indebtedness provided for in section 158 of the Constitution.

STEPHENS L. BLAKELY for appellants.

HALL & ADAMS, WALKER C. HALL for appellees.

Opinion of the Court by Judge Winn—Affirming.

The earlier facts in this case are to be gained from the statement opening the opinion in Carpenter, &c. v.

Town of Central Covington, &c., 119 Ky., 785. The property, the taxes upon which are in question here, is of the same location as the property named in the opinion supra.

Following the ruling in that case, wherein it was held that notwithstanding its annexation by the town of Central Covington, this particular property remained subject to taxation for the turnpike road purposes named in that opinion, the General Assembly in 1906 enacted section 3053 of the Kentucky Statutes. In January, 1908, the city of Covington annexed the town of Central Covington, which, as set out in the opinion supra, had already annexed the particular territory named in the Carpenter opinion and now under consideration in this case. Thereupon, the owners of this property brought this action seeking to compel the city of Covington to assume and pay the same character of turnpike construction taxes which were the subject of the litigation in the Carpenter case. Upon a hearing the circuit court sustained the contention of the property holders and held that the city of Covington was liable for this burden. This appeal is from that judgment. Two errors are complained of.

The first is that the act in question, by its phraseology and especially by the clause which provided that nothing in the act should be construed to impose upon any city any liability for the payment of taxes where, under the laws governing the construction of turnpikes, they were exempted from the payment of turnpike charges, exempted the city of Covington from the payment of the particular tax in question here notwithstanding the fact that it had annexed this particular territory. To this we cannot accede. The language of the act in question is confusing. If we should consider alone the particular language named we might be led to conclude that the statute continued to exempt the city of Covington, which had theretofore been exempt from these turnpike charges. But the act in question must be read as a whole. It was a remedial and preparatory statute, adopted for the purpose of permitting a city of the second class to annex other territory, and to assume its tax burdens with a consequent equalization of taxation. Its very language declares that turnpike construction taxes were to be a part of the burden assumed by the annexing city. To adopt the construction of the act

sought to be placed upon it by the appellants would render it nugatory and the work of the General Assembly idle. We must take its spirit rather than the awkward language involved,. and when we do we find that the clear purpose of the General Assembly in the enactment of this remedial legislation was to place the burden of these taxes upon the city which might, by annexation, take over the territory theretofore subject to the burden. This the city of Covington knew when it annexed this territory; and it should accept the burden along with the benefits. Any other ascertainment of the intent of the statute would lead us to an absurdity. A remedial statute is to have a liberal construction.

Upon this same branch of the case it is argued for the appellants that inasmuch as the territory annexed was that of the entire town of Central Covington and not that of a part of the city or town, the act by its terms had no application. Upon this branch of the case it suffices to say that the whole embraces every part. As was said by the trial judge below, it would be an unreasonable construction to hold that if the city of Covington should annex all of Central Covington save one square it would become liable for the tax, but that if it took in this other square as well the city of Covington would be exempt from the tax.

The second ground of appeal is that the legislation in question was unconstitutional. This ground is based upon the third paragraph of the answer, to which demurrer was sustained, and it is as follows:

"Further answering these defendants say that at the time of the annexation of the town of Central Covington the bonded indebtedness of the city of Covington was within $75,000 of the limit imposed by section 158 of the Constitution of the State of Kentucky, and that the remaining turnpike bonds outstanding amounted to more than $200,000."

The facts stated in this pleading are not sufficient to raise the constitutional question. The paragraph quoted does not state what proportion of the entire bond issue of $200,000 was properly chargeable to and to be collected from assessments against the property in question. Had the defendants set up the precise amount of the bond issue chargeable against this property, showing that such amount would bring the entire indebtedness of the city of Covington above and beyond the limit

named in section 158 of the Constitution, some question might be presented; but in the absence of a statement of fact showing what would be the additional indebtedness imposed upon the city of Covington by its assumption of the bonds against this particular property we have not occasion to give further attention to nor to express any opinion upon this objection.

Upon the whole case it seems clear to us that the remedial statute named introduced by the Kenton county member of the General Assembly, was enacted for the express purpose of meeting the annexation difficulties exhibited in the Carpenter case, supra; and the defendants have failed to exhibit any valid reason why the purpose and effect of that statute should not be applied in the case at bar.

The judgment of the trial court is affirmed.