## Cunningham, et al. v. Shelby County Board of Education.

(Decided April 25, 1924.)

### Appeal from Shelby Circuit Court.

1.  Schools and School Districts—County School Board May Condemn More than One Acre of Land for Consolidated School Site.—Ken-

tucky Statutes, section 4434a-6, was intended to prescribe county board of education's power to condemn land for consolidated school districts, and section 4439 its power for single subdistricts, and such board has the power to condemn more than one acre of land for a consolidated school site if more than one acre of land is necessary for the purpose.

2.   Schools and School Districts—Determination by Board of Education in Selecting Consolidated School Site Not Disturbed by Court. —It is not the court's duty to select a consolidated school site, and if there is any doubt upon the question as to the selection of a consolidated school site by a county board of education it must be resolved in favor of the determination of the board, and its selection will not be disturbed simply because the site is not in the exact center of the district.

3.   Eminent Domain—Instruction on Damages, if Erroneous, Held Not Prejudicial.—In a proceeding by county board of education to condemn consolidated school site, if it was error to direct the jury to include in their finding the probable cost of fencing, "if any," in that evidence was uncontradicted that fencing would be necessary, such error was not prejudicial.

BECKHAM & GILBERT, R. F. MATTHEWS and WILLIS, TODD & WILLIS for appellants.

PICKETT, BARRICKMAN & KALTENBACHER and E. H. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal from a judgment condemning three acres of land, owned by the appellants, as a schoolhouse site for a consolidated school, and awarding them $1,- 600.00 as compensation therefor.

The grounds urged for reversal are: (1) That appellees are without power to condemn more than one acre of land for such purpose; (2) that the proof shows without contradiction that this site was not conveniently located as required by law; and (3) that the court erred in the instruction upon the measure of damages.

1.   Under the school law enacted in 1893, and as amended prior to 1908, each common school was in a separate school district conducted by local trustees, and these trustees had the power (section 4439, Kentucky Statutes) to condemn land for a schoolhouse site, but not to exceed one acre in any case. The legislature in 1908 adopted an entirely new plan for the management of common schools throughout the state, whereby each county was made a single school district and all the common schools

therein were placed under the management of a county board of education. These boards of education were given the power, with the approval of the voters, to consolidate contiguous subdistricts, and to establish and maintain a consolidated school therein at a place selected by them but conveniently located for the patrons of the consolidated district.

By section 11 of the act the county boards of education were given the power to condemn any real estate necessary for school purposes in any district. The only limitation upon this power was the necessity for school purposes.

In Vincent, et al. v. Edmonson County Board of Education, 169 Ky. 34, 183 S. W. 232, it was held that section 11 of the school act of 1908 repealed section 4439 of the statutes.

If the school law had been left in this condition, it would have been clear that county boards of education had the power to condemn for a schoolhouse site whatever quantity of land was necessary in any case, and that the limitation of one acre had been entirely removed. But in 1916 the legislature, for the express purpose of recodifying the school laws of the state and omitting obsolete and repealed sections of the former laws, enacted chapter 24 of the 1916 Acts, containing 239 sections in all, and providing for the repeal of all former school laws except a few sections of the statutes expressly not repealed.

In this new law, the two above provisions with reference to condemnation of land were included, and are respectively sections 97 and 113 thereof.

The question therefore is to determine what the legislature intended by providing in section 97 of chapter 24 of the 1916 acts (being section 4434a-6 of the statutes) that the county boards of education should have power to condemn whatever quantity of land was necessary for a school site, and in section 113 of the same act that it should have power to condemn a suitable site for a schoolhouse, but not to exceed one acre.

The purpose evidently was that each of these sections should be effective, and that neither would be destructive of the other, and this result can be accomplished only by ascribing to each section the meaning it had when originally enacted, in so far as they are not antagonistic to each other.

Section 4439 of the statutes never applied to any except a single school district, whereas section 4434a-6 applied to consolidated school districts as well as to single school districts in the counties.

We therefore conclude that section 4434a-6 was intended to prescribe county boards of education's power to condemn land for consolidated school districts, and section 4439 its power for single subdistricts.

It results, as this is a consolidated school district, that section 4434a-6 applies, and appellees had the power to condemn as much land as was necessary for the purpose.

2. While it is shown in the proof that this site selected for schoolhouse purposes is not in the exact center of the consolidated school district, the evidence wholly fails to prove that the board of education abused a sound discretion in performing the duty imposed upon it by law of making the selection. As said by this court in Vincent v. Edmonson County Board of Education, *supra,* "It is not the court's duty to select a site," and if there is any doubt upon the question, "it must be resolved in favor of the board of education, and the finding of fact by the chancellor which sustained the board."

We are therefore clearly of the opinion we would not be warranted upon the evidence in reversing the chancellor's findings sustaining the board of education in the selection of this site as a proper site for the schoolhouse, and that it was necessary for the purpose.

3. The single criticism of the instruction upon the measure of damages is, that after directing the jury to include in their finding the probable cost of fencing, the words "if any" were inserted.

It is true that it was shown without contradiction that some fencing would be necessary, but the insertion of these words, even if conceded to be error, was not in our judgment prejudicial, and is wholly insufficient to authorize a reversal of the judgment, amply sufficient fairly to compensate appellants for every item of damage resultant from the condemnation of the land.

Perceiving no error prejudicial to appellants' substantial rights, the judgment is affirmed.