## Shanks, Auditor, et al. v. Board of Education of City of Winchester.

(Decided October 21, 1927.)

### Appeal from Franklin Circuit Court.

1. Escheat.—Commonwealth has no vested rights in escheated property beyond control of Legislature, since latter may deal with property that shall escheat or that theretofore has escheated so long as it remains intact, and may determine to what political subdivision such property shall go.

2. Statutes.—Statutes will not be given retroactive operation unless such interpretation is required by express command or a necessary and unavoidable implication.

3. Escheat.—Acts 1920, c. 14, section 22, (now Ky. Stat. section 3587a-22), dealing with such property "as from any cause shall escheat," will not be given retroactive operation, since such language shows legislative purpose to make statute prospective only.

4.  Escheat.—Where action to escheat property was commenced but final judgment of escheat had not been rendered when Acts 1920, c. 14, section 22 (now Ky. Stat. section 3587a-22) was enacted, providing that escheated property should vest in board of education for use and benefit of public schools, property escheated after act became law vested in board of education.

5.  Statutes.—Acts 1920, c. 14, section 22 (now Ky. Stat. section 3587a-22), providing that escheated property shall vest in board of education for use and benefit of public schools, held not unconstitutional as being special legislation contrary to the Constitution, section 60, and section 59, subsection 29.

JOHN H. GARDNER for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

In the year 1919 the commonwealth of Kentucky brought suit in the Clark circuit court against the Clark County National Bank, a corporation, to escheat certain property, on the ground that the bank had owned and held the property for more than five years next before the filing of the petition, and that the same was not necessary or proper for carrying on its legitimate business.  On the final hearing the prayer of the petition was denied and the petition was dismissed.  On appeal it was held that the property should be escheated, and the judgment was reversed and the cause remanded to the Clark circuit court for proceedings in conformity to the opinion.  Commonwealth v. Clark County National Bank, 187 Ky. 151, 219 S. W. 175.  After a petition for rehearing was overruled the case was taken to the Supreme Court of the United States on writ of error.  While the cause was pending in that court it was compromised by an agreed order entered in the Clark circuit court.  Pursuant to the terms of this order the auditor conveyed to the bank all the right, title, and interest of the commonwealth to the property involved, and the bank paid to the commonwealth the sum of $7,500, of which $3,000 was to go to the escheat agent and his attorneys, and the remaining $4,500 was paid into the state treasury.

In 1920, and during the pendency of the cause in the Supreme Court of the United States, the Legislature

passed an act relating to schools in cities of the fourth class. Chapter 14, Acts 1920. Section 22 of that act, now section 3587a-22, Kentucky Statutes, contains the following provision:

> "So much property in the school district as from any cause shall escheat to the commonwealth of Kentucky shall vest in the board for the use and benefit of the public schools in said district."

This action was brought by the board of education of the city of Winchester against the auditor to compel him to draw his warrant in favor of the board for the sum of $4,500 or so much of the proceeds of the escheated property as was paid into the state treasury. The auditor's demurrer to the petition having been overruled, he declined to plead further, and judgment was rendered granting the relief prayed. The auditor appeals.

It is suggested on behalf of the commonwealth that the property in question escheated when suit was brought, and that to apply the statute in such a case would impair the vested rights of the commonwealth. It must not be overlooked that escheated property is subject to the control of the lawmaking power, and it may determine to what political subdivision such property shall go; there being no constitutional provision in the way it may deal with property that shall escheat, or that theretofore has escheated, so long as it remains intact and has not been used or consumed for some other purpose. That being true, it cannot be said that the commonwealth has any vested rights that are beyond the control of the Legislature. Commonwealth v. Thomas' Adm'r, 140 Ky. 789, 131 S. W. 797. However, it is the well-settled rule that statutes will not be given a retroactive operation unless such an interpretation is required by express command or necessary and unavoidable implication. Kennedy v. Kennedy, 197 Ky. 784, 248 S. W. 182. Here there is neither express command nor necessary and unavoidable implication. On the contrary, the language of the statute is, "as from any cause shall escheat," thus showing a legislative purpose to make the statute prospective only. The case therefore turns on whether the property in question had escheated at the time the statute took effect. It is true that in Louisville School Board v. King, 127 Ky.

824, 107 S. W. 247, 32 Ky. Law Rep. 687, 15 L. R. A. (N.
S.) 379, we used the following language:

"Our conclusion is that the holding of useless
real estate by a corporation for more than five years,
while a cause or ground of escheat, does not ipso
facto effect an escheat; in other words, that the title
to the property, notwithstanding the existence of the
grounds of escheat, remains in the corporation until
an action for escheat shall have been instituted, and
if, before this is done, the corporation bona fide sell
and convey the property to a third person the latter
would be vested with an indefeasible title to the
land."

But there we were dealing with a case between the
school board and one who had purchased the property for
a valuable consideration before the action of escheat was
instituted, and, in view of the reasoning in other portions
of the opinion, the language referred to cannot be re-
garded as authority for the position that the mere insti-
tution of an action has the effect of vesting the title in
the commonwealth, or the political subdivision entitled to
the escheated property.   On the contrary, that opinion,
as well as other opinions of this court, makes it plain that
the mere holding by a corporation of real estate not
necessary or proper for carrying on its legitimate busi-
ness for a longer term than five years, or the mere insti-
tution of an action of escheat, does not ipso facto work
an escheat.   Thus we find in the opinion the following
language:

"The constitutional and statutory declaration
that corporate property held in contravention of law
shall escheat to the commonwealth and vest in the
school board does not, of itself, authorize the con-
clusion that the title to the property will not remain
in the corporation until proceedings for escheat shall
have been instituted and the escheat duly adjudged."

Again, we find the following:

"So whether a demand of an escheat of prop-
erty by the state be based upon the ground of alien-
age, defective heirs, failure of kindred, or that it is
held by a corporation in contravention of law, the
same necessity exists for its obtaining in some form

a judgment declaring the escheat, in order that the state or school board may rightfully take possession of it."

We are therefore constrained to the view that before the title to property subject to escheat may be taken from the corporation and vested in the commonwealth, or any of its political subdivisions there must be both an action and a judgment declaring the escheat. Here there was no final judgment of escheat at the time the statute was enacted. The only judgment of escheat was the agreed order entered after the statute took effect. As the statute operates on "so much property in the school district as from any cause shall escheat to the commonwealth of Kentucky," and as the property in question did not escheat until after the act became a law, it follows that the statute is applicable and controlling, and that the sum paid the commonwealth under the agreed order vested in the board of education for the use and benefit of the public schools.

The further point is made that the act in question is unconstitutional on the ground that it is special legislation, and therefore contrary to section 59, subsec. 29, and section 60, of the Constitution. In reply to this contention it is sufficient to say that the precise question was before the court in Commonwealth v. Thomas, supra, where a similar act providing that escheated property located in cities of the first class should go to the board of education for the use of the public schools was upheld, and upon a re-examination of the case we perceive no reason for departing from the rule there announced.

Judgment affirmed.