## Brown et al. v. Bailey et al.

(Decided March 27, 1931.)

288

BEN S. ADAMS for appellants.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

One of the school subdistricts in McCracken county is known as Shady Grove district. At the beginning of the school term in the fall of 1930 the county board of education entered an order declaring an emergency to exist, and transferring the pupils of that district in grades five to eight, inclusive, to the Reidland school, and providing for their transportation by bus. Thereafter R. L. Bailey and others, taxpayers in the Shady Grove district, and parents of certain children who were transferred, brought this action for a mandatory injunction requiring Fred Brown, the teacher of the Shady Grove school, and the county board of education, to permit their children to attend school in that district. On final hearing they were granted the relief prayed, and the defendants appeal.

Section 1, chapter 82, Acts 1926, now section 4426-1, Kentucky Statutes, reads as follows:

"Every county in this Commonwealth shall constitute one county school district; provided that in any county in which there is an independent graded school district, or city school district containing a city of the first, second, third, or fourth class, the county school district shall be composed of the remainder of the county outside of such independent district or districts. The county board of education of any county shall have full power, except as otherwise provided in this act, to change the boundaries of school subdistricts of the county school system and, when necessary, to establish new subdistricts or to unite subdistricts or parts of subdistricts; pro-

vided that the boundary of any subdistrict having bonded indebtedness cannot be extended except upon written petition of two-thirds of the legal voters in the territory proposed to be added; and provided, further, that no subdistrict shall be established or maintained with fewer than fifty children of school age except in case of emergency, nor in any case with fewer than twenty-five such children. But the county board of education may at any time authorize and provide for the transfer of any child, children or grades in any subdistrict to the public school of another subdistrict if it is nearer or otherwise desirable.''

It will be observed that under the foregoing section the county board of education may at any time authorize and provide for the transfer of any child, children, or grades in any subdistrict to the public school of another subdistrict if it is nearer or otherwise desirable. The point is made that the transfer can be ordered only when desirable, and that means desirable not to the teacher or the board of education, but desirable to the parents and children. In our opinion the word ''desirable'' is not used in the sense of personal preference either on the part of the parents or the children, or the board of education, or the teacher. What is meant is desirable in the sense of being for the best interests of the school and the pupils, and whether or not a transfer is desirable from that standpoint is a matter to be determined by the board and not by the parents of children, who might never consent to the change, although not to do so would seriously impair the educational advantages of all concerned. We are therefore of the opinion that the transfer in question was authorized by the statute.

In the exercise of powers conferred by statute, the county board of education is vested with a broad discretion with which the courts will not interfere, except in the case of clear abuse. It was shown on the hearing that at the time of the tranfer the Shady Grove school was so crowded that there were insufficient seats for the pupils, and the teacher was unable to do satisfactory work. It is at once apparent that the county board of education did not abuse a sound discretion in making the transfer.

It follows that appellees were not entitled to the relief prayed, and that the injunction should have been denied.

Judgment reversed, and cause remanded, with directions to enter judgment in conformity with this opinion.