## Spaulding v. Campbell County Board of Education et al.

(Decided May 26, 1931.)

L. S. SHEPLER for appellant.

ROGER L. NEFF, JR., for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This is a controversy over the selection of a site for a school building in the Dale common school subdistrict in Campbell county. The subdistrict is situated on the

dividing ridge between the Ohio and Licking rivers. Due to the very rough and hilly topography of this particular section, it is difficult to find enough level land in one lot on which to erect necessary buildings and provide proper playgrounds.

When the necessity for a new school arose, the county board of education gave a period of 5 or 6 months to the investigation of the available locations. Various sites were mentioned, however the Donaldson, Hawthorne, Klump, and Wolpert sites were given the most serious consideration, and it is about these that the controversy seems to center. The Klump site was finally agreed upon.

Thereafter a petition signed by 277 persons was presented to the board of education and J. W. Reiley, county superintendent, protesting against the selection of a site in the extreme southern end of the district. It is alleged that the petition is "signed by 277 citizens and tax payers residing within said Dale common school district, constituting more than a majority of the school electors of said district." We assume that this petition was intended to be an appeal from the action of the board in selecting the Klump site, although it only appears to protest against the selection of a site in the extreme southern end of the subdistrict, and might apply to one or all of the other sites in controversy, since they are all near the southern end of the subdistrict; however, it seems to have been treated below as an appeal from the action of the county board of education to the county superintendent under the provisions of section 4439, Ky. Statutes, and we shall so treat it here.

Failing to secure the desired action on their petition, appellant, for himself and on behalf of other residents and taxpayers of the subdistrict, instituted an action in the Campbell circuit court against the county board of education and the superintendent of schools, seeking to enjoin the board from purchasing the Klump site and from awarding the contract for the erection of a school building thereon. On final hearing, the chancellor dismissed appellant's petition and refused to grant the relief sought thereby.

By agreement, evidence heard on motion for a temporary injunction was considered with other evidence introduced on the final hearing. None of the sites proposed or contended for are near the geographic center of

the subdistrict, nor is it established that any of them are in the center of the subdistrict with respect to population, although there is evidence tending to show that there are some nearer the latter than is the Klump site.

One of the exhibits filed with the depositions is a plat of the subdistrict prepared by D. C. West, an engineer, on which is shown the various sites. Around each of the sites are 3 circles with a radius of 800, 1,200, and 2,000 feet respectively, and on this plat a witness has attempted to locate the residences within the limits of the various circles. The largest around the Klump site extends a little beyond and includes the Wolpert site, but lacks between 100 and 200 feet of reaching the Donaldson and Hawthorne sites. The largest circle around the Wolpert site includes the three others. The evidence indicates that there are more residences within the largest circle around the Wolpert site than are in the same area around the Klump site.

There is another plat filed as an exhibit with the depositions which was prepared by John T. Rawlings. This shows the location of the various sites as well as the streets and highways in the territory adjacent thereto.

Appellant introduced a number of witnesses who testified that the Wolpert site and other sites are as suitable for school purposes as the site selected, and that they are more convenient and accessible to the greater number of school pupils of the district. The members of the school board and the county superintendent stated that they had made investigation and a careful study of the entire situation, and had reached their decision that the Klump site was the most convenient, accessible and suitable of any of the sites offered. Mr. J. W. Brooker, director of school buildings and grounds, with the department of education of Kentucky, testified in substance that, taking into consideration the topography and size of the site, remoteness from a main-traveled highway, accessibility, and future development, the Klump site is better than any of the other sites under consideration.

There is a conflict in the evidence on practically every question entering into the suitability of the various sites for school purposes and as to future development with reference to them. There seems to be a difference of opinion between the counsel for the respective parties

as to whether section 4434a-6 or section 4439, Ky. Statutes, has application in this instance. Each of these sections empowers the county board of education to asquire sites by purchase, donation, or condemnation. Section 4439 limits the quantity of land that may be condemned, and provides that the location shall be as near as practicable to the center of the district as will be convenient of access to all inhabitants thereof, and also provides that, within 30 days after the selection of a site by the board, a majority of the electors in the district may appeal to the county superintendent, and these provisions are not found in the other section.

While we are of the opinion that this case is controlled by section 4439, a determination of that question is not necessary here, since, under either section, the county board of education has a discretion, and, unless it is made to appear that the board has acted arbitrarily or has abused its discretion, the court should not interfere with its action in the selection of a school site.

As we have already indicated, there is a conflict in the evidence, and there is nothing to indicate that the board acted capriciously, arbitrarily, or in abuse of discretion, but, on the other hand, there is much and substantial evidence that the members thereof brought to the discharge of their duty in selecting this school site months of thoughtful care and consideration, and there is nothing to indicate that they were in any way controlled by any personal consideration or ulterior motives in the matter.

In Vincent v. Edmonson County Board of Education, 169 Ky. 34, 183 S. W. 232, 234, this court said:

"We do not deem it necessary to go into a detailed analysis of the proof. It is not the court's duty to select a site; it is only to determine whether the board of education abused a sound discretion in performing that duty. The weight of proof is largely with the board of education; and, if we had any doubt upon the question, it must be resolved in favor of the board of education and the finding of fact by the chancellor, which sustained the board. Not only does the good faith of the board of education stand unimpeached; but, under the rule by which we will not set aside a finding of fact by the chancellor where the proof is contradictory, we will not disturb his judgment in this case."

See, also, Cunningham v. Shelby County Board of Education, 202 Ky. 763, 261 S. W. 266.

The chancellor heard the witnesses, and was, as we assume, acquainted with the location, topography of the district, and its surrounding conditions, and he was thereby enabled to better understand and weigh the evidence as applied to existing conditions. Following the cases cited in resolving any doubt in favor of the board, and giving just weight to the chancellor's finding, we are led to the conclusion that the judgment should not be disturbed.

Judgment affirmed.