## Gibson et al. v. Wilson et al.

(Decided October 16, 1931.)

ROSE & STAMPER for appellants.

S. H. RICE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

Kentucky Statutes, sec. 4475a-1, provides:

"When cooperation of a graded common school district with the county school system of the county in which the graded school is situated becomes desirable in order to provide more economical or efficient administration of schools, the board of trustees of the graded school district and the county board of education may by concurrent action combine the graded school district with the county district, and the members of the board of trustees of the graded school district may serve as additional members of

the county board of education for the remainder of the terms for which they were respectively elected, and the county board of education shall assume all legal liabilities and assets of such school district.''

Acting under the authority of this statute, the board of trustees of the Booneville graded common school district and the Owsley county board of education held a joint meeting on May 1, 1931, at which, after considering the matter in detail, they voted to and did consolidate the graded school district with the Owsley county district. In this suit, brought for that purpose by citizens, taxpayers, and residents of the graded school district, the circuit judge enjoined this merger, and, from that judgment, this appeal is prosecuted.

It will be noted that, under the statute, the question whether or not there shall be a merger of graded school districts with the county school system rests in the sound discretion of the boards of these graded and county districts and under familiar principles of law that discretion, when exercised, cannot be interfered with by the courts unless it has been abused or the boards acted arbitrarily. See Whalen et al. v. County Board of Education of Harrison County, 239 Ky. 341, 39 S. W. (2d) 475; Brown v. Bailey, 238 Ky. 287, 37 S. W. (2d) 58; Spaulding v. Campbell County Board of Education, 239 Ky. 277, 39 S. W. (2d) 490. Under the statute, the right to merge graded school districts with county school systems is based upon the fact that such a merger is desirable in order to provide a more economical or efficient administration of the schools. In the instant case, the two boards at their joint meeting of May 1, found that the resources of the graded school district, by way of taxation, donations, tuition, and its share of state funds, were inadequate to meet the necessary expenses of that district, and that the only feasible way to take care of this situation was to merge the district with the county district. It cannot be said that the evidence in the instant case shows any abuse of discretion or even judgment on the part of the two boards in arriving at this conclusion. On the other hand, it must be said that the evidence in this case also shows that the county district is in about as bad a shape financially as is the graded school district. However, the evidence further discloses that, after this merger has taken effect, certain economies by way of consolidation of some of the county schools are proposed

526

which will enable the board of education to conduct an adequate school at Booneville within the means it has. At all events, it cannot be said that the evidence produced by those opposed to the merger shows such an abuse of discretion on the part of these trustees in bringing about the merger of May 1 as to warrant a court's interference, which, being true, the circuit court clearly erred in granting the injunction it did.

Judgment is reversed, with instructions to dismiss the petition of the plaintiffs.