## Wilson et al. v. Wilson, Sheriff, et al.

(Decided May 20, 1932.)

S. H. RICE for appellants.

ROSE & STAMPER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Previous to May 1, 1931, there existed in Owsley county a graded school organization known as "The Booneville Graded School District." In June, 1921, this graded school district voted a bond issue of $3,500, of which $3,000 remains unpaid. April 24, 1931, the trustees of this graded school had a meeting at which the following action was taken, as appears from the minutes kept:

"Booneville, Kentucky, April 24, 1931.

"The Booneville Graded School Board met at the County Superintendent's office on April 24, 1931, at 11 o'clock with the following members present, Dr. W. H. Gibson, Chairman; Sam Estepp, Secretary; Lee Callahan and Chester Seale, Members.

"A motion was made by Sam Estepp and seconded by Chester Seale that the Board lay a levy of $1.25 per $100.00 of taxable property for the school year, 1931. It unanimously carried. Also an additional sum of 25c per hundred for sinking fund to retire bonds.

"A motion was made by Chester Seale and seconded by Sam Estepp that the Booneville Graded Common School District and the Owsley County Common School District be combined or merged into one school district to take effect on the first day of May, 1931, subject to the approval of the Owsley County Board of Education. It unanimously carried."

On April 29, 1931, the Owsley county fiscal court laid a levy of 75 cents on each $100 of taxable property in the

county school district for common school purposes and a poll tax of $1 on each poll therein for such purposes.

On May 1, 1931, the trustees of the graded school district and the Owsley county board of education met in joint session, and at this meeting such proceedings were had that the Booneville graded school district ceased to exist and it became a part of the county common school district. See Gibson et al. v. Wilson, 240 Ky. 524, 42 S. W. (2d) 710.

The troubles of these two school districts were not at an end, for there at once arose a question as to what tax should be collected in the old Booneville graded school district. Should the sheriff in this former graded school district collect the tax levied by the graded school trustees under the levy copied above, or should he collect taxes as levied by the Owsley county fiscal court in the county district?

Ed Wilson et al., claiming to be trustees of the Booneville graded school district, as such, and as individuals residing therein, began this action against the sheriff of Owsley county and the Owsley county board of education and others, and by their petition, as oft amended, they sought the following relief:

(1) That the levy made by the trustees of the Booneville graded school district be held void for uncertainty.

(2) That the sheriff be enjoined from collecting, in the former graded school district, taxes as levied by the trustees of the Booneville graded school district.

(3) That he be enjointed from collecting any more tax in that district than he collects under the levy made by the Owsley county fiscal court upon property and taxpayers in other parts of the county outside of this former graded school district.

(4) To determine just what property is taxable to raise money to pay the bond issue of the old Booneville graded school district.

By the judgment appealed from the sheriff was required to collect $1 poll tax on each poll in the former graded school district, 75 cents on each $100 of taxable property therein as levied by the Owsley county fiscal court, and 25 cents on each $100 of taxable property, as levied by the trustees of the old Booneville graded school district. Ed Wilson et al., on behalf of the former graded

school district, have appealed, and the sheriff and the county board of education have prosecuted a cross-appeal.

That the trustees of the Booneville graded school district had the authority to make this levy when it made it, no one questions. It is not suggested that it ever rescinded or annulled its action in any way. When this levy was made the funds to be raised thereby at once became a part of the assets of the Booneville graded school district. When this combination was made, this asset passed to the Owsley county board of education. See section 4475a-1, Ky. Stats. True the money had not been collected, it was not on hand, but it was in process of collection, and the powerful machinery of the law, to enforce its collection, was available. At the time the fiscal court made its levy upon the property of the county district, the property in the Booneville graded school district was not in the county district. The levy made by the fiscal court can have no extra-territorial effect, and, as the property in the graded school district was not then within the territorial jurisdiction of the county district, it follows that the property in the Booneville graded school district was not affected by the levy of the fiscal court made on the property in the county district. This case is merely the converse of Board of Education of Hopkins County et al. v. Givens et al., 147 Ky. 837, 146 S. W. 16, 17, in which case these were the facts:

Prior to May 30, 1911, the fiscal court of Hopkins county, at the instance of the Hopkins county board of education and under the authority of what was then section 4426a, subsection 9, Ky. Stats. (now section 4426-2), had levied for the year 1911 a property tax of 16 2/3 cents and a poll tax of $1 in the county district.

On May 30, 1911, the trustees of the Madisonville graded school extended the boundaries of the graded school district, in the manner provided by what was then section 4464b, Ky. Stats., and took in a part of what had theretofore been a party of the county district. At the same time it levied a tax for the year 1911 upon the property in the graded school district, including the annexed territory, of 50 cents and a poll tax of $1.50 on each white inhabitant of the district. At once there arose this question, Is the tax levied on the county school district for the use and benefit of the Hopkins county board of edu-

cation, for the year 1911, enforceable and collectible in this annexed territory, or is the tax levied by the Madisonville graded school, for the year 1911, enforceable and collectible in this annexed territory, or are both levies enforceable and collectible? The court held that for the year 1911 but one tax was enforceable and collectible in this annexed territory, and that the one first levied, that is, the levy made by the vscal court, for the use and benefit of the Hopkins county board of education. In that opinion the court said:

"The status for school taxation for the current year of persons and property subject to the tax laid by the fiscal court at the instance of the board of education for common school purposes is fixed by the date of the levy, and all property and persons that are subject to the tax at the time it is levied by the fiscal court must pay under its levy."

From that case it follows that the tax to be collected in the year 1931 upon the property situated in the former Booneville graded school district is that levied by the trustees of that district as set out above. The minutes of the meeting of the trustees of the Booneville graded school district were not kept with meticulous care, but we regard them as sufficiently definite and certain to make this levy valid. We have tolerated some laxity in the keeping of such minutes. See Layson v. Nicholas County Board of Education, 235 Ky. 70, 29 S. W. (2d) 626.

The power of the trustees of this graded school district to make the levy of $1.25 on each $100 of taxable property in the district is derived from section 4476, Ky. Stats. Its power to levy the 25 cents on each $100 is derived from the vote of the district on the question of issuing the bonds and from section 159 of Ky. Constitution. Section 4476, Ky. Stats., names the assessment roll upon which this levy is made.

We are asked to determine what property is taxable to pay the balance of the bonded debt incurred by the graded school district, but the holders of these bonds are not parties to this action, hence we shall not now determine that question. Supreme Tent of Knights of Maccabees of the World v. Dupriest, 235 Ky. 46, 29 S. W. (2d) 599; Mason's Admr. v. Mason's Guardian, 239 Ky. 208, 39 S. W. (2d) 211; Commonwealth, for use, Etc., v. Farmers' State Bank, 225 Ky. 759, 10 S. W. (2d) 274.

Judgment reversed upon both original and cross-appeal, with directions to enter a judgment as indicated. The whole court sitting.