## Owsley County Board of Education et al. v. Owsley County Fiscal Court et al.

(Decided Sept. 29, 1933.)

(As Modified on Denial of Rehearing Nov. 17, 1933.)

166

ROSE & STAMPER for appellants.

CHARLES L. SEALES and S. H. RICE for appellee G. W. Garrett.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The Owsley county board of education, and all but one of the holders of the bonds issued in 1921 by the former Booneville graded school district No. 1, sued the Owsley county fiscal court and the other bondholder, and asked for a mandatory order to require said fiscal court to meet and levy a tax upon the property in the former Booneville graded school district No. 1, to pay

said bonds. Their petition was dismissed, and they have appealed.

This litigation grew out of the absorption of the Booneville graded school district No. 1 by the Owsley county common school district, and the reader of this opinion will understand it better by reading first the opinions in Gibson et al. v. Wilson, 240 Ky. 524, 42 S. W. (2d) 710, and Wilson et al. v. Wilson, Sheriff, et al., 244 Ky. 112, 50 S. W. (2d) 48.

The real issue between these parties is whether the levy to pay these bonds is to be laid upon the property situated within the former Booneville graded school district No. 1, or upon the property situated within the Owsley county common school district, of which the former Booneville graded school district No. 1 is now a part.

The Booneville graded school district No. 1 was absorbed by and made a part of the Owsley county common school district under the provisions of section 4475a-1 Ky. Stats., in which it is provided:

"The county board of education shall assume all legal liabilities and assets of such school district."
This statute could not have been more plainly written.

It is a part of an Act approved March 20th, 1928, see page 208, ch. 56, sec. 1, Acts of 1928.

The cases relied upon by the plaintiffs (Board of Education for Pike County v. A. H. Andrews Co. (Ky.) 122 S. W. 207, and Shaw v. City of Mayfield, 191 Ky. 389, 230 S. W. 539) were written before the above statute was enacted.

The Legislature fixed the terms upon which these two districts should be combined, the governing authorities of them agreed with each other upon the consolidation, with the statute before them, and it became as much a part of their agreement as if written therein. See 43 C. J. p. 143, sec. 123.

The Legislature had the power to so provide as will appear from this which is taken from 12 C. J. p. 1007, sec. 629, note 96:

"As incidental to territorial change, the legislature may direct the manner in which debts or liabilities of the municipalities affected shall be met and by whom, as to it seems equitable."

168

"The school district is created by the Legislature as an instrument of the state. Such quasi municipal corporations are but the agents or representatives of the state." Macmillan Co. v. Clarke, 184 Cal. 491, 194 P. 1030, 1035, 17 A. L. R. 288.

In Coler & Co. v. Dwight School Township, 3 N. D. 249, 55 N. W. 587, 592, 28 L. R. A. 649, we find this with numerous authorities cited to sustain it:

"There can be no question as to the power of the legislature to impose upon a new municipality, which includes all or a portion of the territory of an old municipal corporation, liability for the debts of the old corporation, where the property of the latter is turned over to and received by the former under the law."

In 24 R. C. L. p. 566, sec. 10, this is written:

"Some statutes provide that a new district assuming the property of an old district shall assume its debts as well. In case of the abolition of the old district and the formation of new districts out of its territory the new districts are deemed the successors of the old and as such liable for all of its debts and entitled to all of its property."

The board of education has made no effort to have the fiscal court levy a tax upon the property now included in the Owsley county common school district to pay these bonds, but is asking to have such tax imposed only upon the property situated in the former Booneville graded school district No. 1, without taking any step to bring before the court the parties that would be affected thereby, and the court properly dismissed the petition.

That does not mean that the obligation of the Booneville graded school district No. 1 to pay these bonds was released by the absorption of that district by the county district. The right of the bondholders to proceed against the Booneville graded school district No. 1, to coerce the payment of these bonds, remains unaffected by the absorption of that district, and the obligation of that district to pay these bonds was not impaired in the least by the absorption of it, but as between the old Booneville graded school district No. 1, and the Owsley county common school district, the obligation of the latter for the payment of these bonds

became, by this absorption and consolidation, a primary obligation and that of the former became a secondary obligation. Thus the bondholders lost no right whatever, but acquired a new and additional right, that is, the right to proceed against the Owsley county common school district for the payment of these bonds, and the Booneville graded school district acquired a new right it did not have before the absorption or consolidation, which is the right to require the Owsley county common school district to pay these bonds.

The Owsley county common school district says that by this absorption and consolidation it acquired the assets of the Booneville graded school district, and that the Booneville graded school district before this absorption and consolidation had the power to levy taxes upon the property situated in the Booneville graded school district to produce a fund for the payment of these bonds, and this power the Owsley county common school district contends was an asset of the Booneville graded school district No. 1, and that by this absorption and consolidation that power, as an asset, passed to the Owsley county common school district.

This power to levy a tax upon the property of the Booneville graded school district No. 1 was a power only; it was not an asset, but a tax that had been levied under this power before the absorption and consolidation was an asset even though the tax so levied had not then been collected. See Wilson v. Wilson, Sheriff, 244 Ky. 112, 50 S. W. (2d) 48. The taxing power of the governing authorities of the Booneville graded school district No. 1 (which is distinct from the right of the bondholders to have such a tax levied) did not pass to the Owsley county common school district, but that power, formerly had by the governing authorities of the Booneville graded school district No. 1, to levy a tax for the payment of these bonds as well as their power to buy property, to build a schoolhouse, to employ teachers, to conduct a school, etc., lapsed when, by this absorption and consolidation, the Booneville graded school district No. 1 ceased to be a corporate entity. It is contended that the residents of the Booneville graded school district voted this debt upon the property in that district and the residents of the Owsley county common school district did not vote it upon the latter district, and it is urged that by this absorption

and consolidation the liability to taxation for the payment of these bonds cannot be shifted from the property in the former district to the property in the latter district.

The liability of the property, in the Owsley county common school district, to be subjected to taxation for the production of funds to pay these bonds, does not flow from any vote of the people of that district upon the question of incurring an indebtedness, no such vote has been had, but this liability results from the action of the Owsley county board of education's entering into this absorption or consolidation agreement.

The moment this absorption or consolidation agreement was made, an obligation for the payment of this bonded debt was thrown upon the Owsley county board of education by the operation of section 4475a-1, Ky. Stats., and a liability for taxation to produce funds to pay this bonded debt then fell upon the property in the Owsley county common school district, just as such a liability falls each time the Owsley county board of education incurs an obligation in the conduct of the schools of the county district. There is no difference between the present obligation of the Owsley board of education for the payment of this bonded debt, and the obligation of that board to pay for the coal for the heating of the schoolhouses, or the maps, chalk, charts, etc., used in them.

Because of section 157 of Ky. Const., and notwithstanding section 4475a-1, Ky. Stats., the Owsley county board of education would not be permitted to assume the payment of these bonds if by doing so it exceeded its income and revenue for the year. We have nothing before us by which we can determine what that was, hence we do not determine whether the indebtedness thus assumed exceeded that revenue, but in determining that question it will be necessary to know what income and revenue provided for that year remained unexpended, what these bonds then amounted to, and how much money was produced by the assessment of $1.25 per hundred made on this district, which the board of education received and the cash the Booneville graded school district No. 1 had on hand when this consolidation or absorption took place.

Section 4475a-1, Ky. Stats., was the authority of the Owsley county board of education for entering into

this absorption or consolidation agreement, and to incur this indebtedness, and in section 4399a-8, Ky. Stats., is the authority for the board of education to have taxes levied to pay it. We have not overlooked the fact that in section 4399a-8, Ky. Stats., there is no express provision for the payment of debts; but that statute was, by implication pro tanto amended by the subsequent adoption of section 4475a-1, which authorized county boards of education to assume the debts of graded school districts when it absorbed them into the county school systems. Thus the Owsley county board of education must pay this old bonded debt out of the taxation it may cause to be levied and collected under section 4399a-8, Ky. Stats.

This bonded indebtedness must be paid even though in order to do so it may become necessary for the Owsley county board of education to curtail its other educational activities.

In Carpenter, etc., v. Town of Central Covington, 119 Ky. 785, 81 S. W. 919, 26 Ky. Law Rep. 430, certain property had been added to Central Covington (then a city of the sixth class), and the property so added was at the time subject to taxation to produce funds to pay certain highway bonds that had been issued by Kenton county, and it was held that as this was unincorporated territory before its addition that section 3667, Ky. Stats., did not require Central Covington to assume and pay to Kenton county the taxes levied upon the property added to create a fund to pay these highway bonds. Later Central Covington, including this property theretofore added, was absorbed by and consolidated with the city of Covington (a city of the second class), and in City of Covington et al. v. Baussart et al., 149 Ky. 288, 148 S. W. 68, it was held under the provision of section 3053, Ky. Stats., as amended by Acts 1906, ch. 19, p. 78, sec. 4 (whenever the city shall annex any city or town, the city annexing shall be bound for all the debts and liabilities, and shall be the owner of all corporate property, franchises and right of such city or town), that in annexing the town of Central Covington, the city of Covington had imposed upon itself the debts of Central Covington including its aliquot part of these Kenton county highway bonds.

There is no way to distinguish that situation from this one. The Owsley county board of education did

not have to enter into this consolidation. It willingly did so, and having received the cash, the buildings, the property, and the other assets of the old Booneville graded school district No. 1, it must take the bitter with the sweet and must assume and pay these bonds.

It may be asked that since these bondholders had in this action asked "that a tax, sufficient to produce a sum sufficient to retire and pay these bonds, be levied on the property legally liable therefor," why was it not erroneous for the court to dismiss the petition? The answer is because the bondholders had not adopted the proper procedure.

The bondholders should ask the Owsley county board of education to include this indebtedness in its budget and present that with its other needs to the fiscal court as provided by section 4399a-8, Ky. Stats. If the board of education refuses to do so, the bondholders should then ask the circuit court by mandamus to compel it to do so; but the bondholders have not done that. They could, if they wanted to, try to collect this off of the property in the old Booneville graded school district No. 1, and proceed against that district, but it would be necessary for the bondholders to bring before the court the parties whose property would be affected thereby, and that they have not done. The bondholders are not without remedy. See 19 R. C. L. p. 1017, sec. 310; 43 C. J. p. 174, sec. 169 et seq.

If they did bring those parties before the court, then in all probability they would be met by a plea setting up this absorption and consolidation and a prayer that the county board of education be required to pay the debt and that a tax be levied upon the county district therefor.

Not having adopted the proper procedure, the court properly dismissed the petition.

Judgment affirmed.