## Webster County Board of Education vs. Hocket et al.

(Decided March 2, 1937.)

ALFRED HOLMAN and VERT C. FRASER for appellant.

J. M. RAYBURN for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Webster circuit court approving an issue of refunding bonds which the Board of Education of Webster County proposes to sell for the purpose of paying off a debt of $26,000.

The proof shows that during the years 1929 to 1935, inclusive, there was a shortage in the revenues of the Board of Education of approximately $27,000. During that time the board incurred no indebtedness in excess of the income and revenue anticipated in its regular budget. It is conceded that the debt is valid and may be refunded, but it is argued that a special tax should be levied on the property within the boundaries of certain old districts to pay off the indebtedness of such districts which existed at the time they were merged with the county district.

On June 2, 1934, three independent graded school districts, known as the Dixon, Blackford, and Slaughters districts, were merged with the Webster county school district. At that time the Blackford district had a floating indebtedness of $5,082, the Dixon district had a bonded indebtedness of $7,500, and the Slaughters district a bonded indebtedness of $900. The Webster County Board of Education has paid the bonds of the Slaughters district, which were outstanding at the time of the merger. It is insisted that sections 4399-4 and 4399-47 of the Kentucky Statutes require, in the case of a merger of school districts, the levy of a tax on the property in the district owing a debt at the time of the merger until such debt is paid. Section 4399-4 reads in part:

"In case of any merger of school districts, the resulting district shall take over all the assets and

> legal liabilities of the districts joining in the merger; provided that tax levies authorized for the payment of interest and the retirement of bonds or the provision for sinking funds for such purposes shall continue to be levied and collected over the same area by or for the new board in accordance with the laws under which the levies were originally made until all bonded obligations of the old district or districts shall have been retired."

And section 4399-47 provides:

> "All of the bonds voted by the various types of school districts and subdistricts prior to the passage of this act shall be retired and the interest paid thereon in accordance with the laws under which they were voted, and nothing in this act shall in any way impair any of said bond obligations or the interest thereon."

These sections are sections 4 and 42, respectively, of article 5 of chapter 65 of the Acts of 1934, which became effective June 14, 1934. Chapter 65 of the Acts of 1934 repealed section 4475a-1 of the Kentucky Statutes 1930, which was section 1, chapter 56, of the Acts of 1928, and which read:

> "When cooperation of a graded common school district with the county school system of the county in which the graded school is situated becomes desirable in order to provide more economical or efficient administration of schools, the board of trustees of the graded school district and the county board of education may by concurrent action combine the graded school district with the county district, and the members of the board of trustees of the graded school district may serve as additional members of the county board of education for the remainder of the terms for which they were respectively elected, and the county board of education shall assume all legal liabilities and assets of such school district."

In Owsley County Board of Education v. Owsley County Fiscal Court, 251 Ky. 165, 64 S. W. (2d) 179, the Booneville Graded School District No. 1 was absorbed and made a part of the Owsley county common school district. The Booneville Graded School District No. 1 had issued bonds in 1921, and these were

outstanding when the merger was effected. It was held that under section 4475a-1, Kentucky Statutes, which was in force when the merger took place, the county board of education assumed all liabilities of the Booneville Graded School District No. 1, and must include the indebtedness represented by the old bonds of that district in its budget, and present that with its other needs to the fiscal court, as provided by section 4399a-8, Kentucky Statutes 1930. That case is controlling here, since the merger took place while section 4475a-1, Kentucky Statutes, was in force. The repealing statue did not become effective until June 14, 1934, after the merger had been consummated.

The last clause of section 4399-47 of the Kentucky Statutes, which was section 42 of article 5 of chapter 65 of the Acts of 1934, was not intended to be retroactive in effect. Hager v. Cisco, 256 Ky. 708, 76 S. W. (2d) 614. As a general rule, statutes operate prospectively rather than retrospectively, and they will not be given a retroactive effect even where the Legislature has power to enact them, unless such an intention clearly and unmistakably appears from the statute itself. Dean v. Board of Education of Harrodsburg, 247 Ky. 553, 57 S. W. (2d) 477; Greene v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28. In Board of Education v. Greer, 259 Ky. 97, 82 S. W. (2d) 196, another section of chapter 65 of the Acts of 1934 was being considered, and, in holding that the act was not retroactive, the court said:

"The first order of consolidation and the amended or second order were both made prior to the effective date of the act of 1934, and therefore were to be measured by the laws then applicable; that is by the sections of the statutes with relation to consolidation of districts and transportation of pupils, and as those sections of the statute had been construed by this court. The orders, in so far as any showing was made, were intended to become effective as of the date of passage and entry, and the court cannot now adopt a construction, either as to the orders or the act of 1934, which would have the effect of holding that the orders were prospective, or that the act of 1934 was to retroact and make legal that which was illegal at the time of adoption. The court below was obliged

to and did pass upon the effect of the orders by applying the law as it was at the time of their passage, and we see no reason for holding to the contrary.

"No law has retrospective effect unless it is made manifest by the language of the act that such effect was intended to be given. Dunlap v. Littell, 200 Ky. 595, 255 S. W. 280; Shanks v. Board of Education of Winchester, 221 Ky. 470, 298 S. W. 1111, and such a construction is rarely adopted unless the law is clearly remedial in its nature."

The purpose of sections 4 and 42 of article 5 of the Acts of 1934 was to repeal section 4475a-1 of the Statutes, and make a school district which had a bonded indebtedness solely responsible for such indebtedness after a merger with another district. As stated in Owsley County Board of Education v. Owsley County Fiscal Court, supra, the construction placed upon the old statute does not prevent bondholders from proceeding against the district which voted the bonds, but that question is not presented here, since the bonds issued by the Slaughters district have been paid and those issued by the Dixon district will be paid out of the proceeds of the sale of the bonds proposed to be issued by the county board of education. The circuit court correctly adjudged that the existing indebtedness of the Webster County Board of Education is valid, and that the proposed bonds to be issued will constitute valid, subsisting, and binding obligations of the Webster county school district.

The judgment is affirmed.