## Hines v. Pulaski County Board of Education et al.

Nov. 17, 1942.

B. J. Bethurum for appellant.

J. S. Cooper for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Appellant filed this action for himself and on behalf of several other students of the elementary grades of the Shopville Pulaski County school, seeking injunctive relief to require the Pulaski County Board of Education and its employees to furnish free transportation to him and the students he represents from their respective homes to the school and return.

In the year 1935, the school board abolished all sub-

districts in its jurisdiction under authority of Section 160.070 KRS (Section 4399-6, Carroll's Kentucky Statutes). But for the purpose of assigning the students of the district to enrollment in the various schools maintained by it, the board retained the division lines of the former subdistricts; and, in the year 1941, entered an order requiring students in the former Burdine Valley district to attend the Burdine Valley school and those students living in certain other former subdistricts to attend the Shopville consolidated school. Appellant resides in the district which, under the order of 1941, is served by the Burdine Valley school. Nevertheless, for three years he has been enrolled, at the original instance of the enrollment officer, in the Shopville school and has been in attendance there, and, during that period, has received free transportation. His residence is approximately six miles from the Shopville school and one and eight-tenths miles from the Burdine Valley school. After he had commenced his course of study in the current school year he was informed that he would no longer be furnished free transportation but that he would be charged at the rate of 10 cents per day. He was likewise informed that he was improperly enrolled in the Shopville school and that he should enroll in the Burdine Valley school, if he might expect to obtain free transportation. The following day he presented himself to the teacher of the Burdine Valley school and requested his enrollment therein. The teacher of the school refused to permit him to enroll, upon the grounds the enrollment list did not show him to be entitled to attend the school and the school was already overcrowded.

Section 158.110 KRS (Section 4399-20, Carroll's Kentucky Statutes) provides that the board of education shall furnish free transportation for all pupils attending the elementary grades of a school district who do not live within a reasonable walking distance of the school, and authorizes the board to furnish such transportation to all pupils of the high school grades. We have heretofore construed this provision of the statute to mandatorily require the board of education to furnish free transportation to pupils of elementary grades not residing within reasonable walking distance of the school. County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55; Ex parte County Board of Education of Montgomery County, 260 Ky. 246, 84 S. W. (2d) 59, 60. Undoubtedly appellant and the

other students for whom he sues are entitled to the use of the facilities of the school in common with other children of the district, but, under the broad powers delegated to the board in Section 160.290 KRS (Section 4399-20, Carroll's Kentucky Statutes) the board, not the pupil, has the right to determine which school the latter shall attend as was held in construing a similar statute in Brown v. Bailey, 238 Ky. 287, 37 S. W. (2d) 58. Appellant recognized the board's authority to direct him to attend the Burdine Valley school and presented himself for enrollment therein. It was no fault of his that he was not permitted to enroll. It was the fault either of the board in designating a school which was so overcrowded that it was impossible for him to obtain instruction or the fault of the board's employee in refusing his application for entrance. In either event the board must assume the responsibility because it has authority to control the actions of the teacher of the school. In this case the board in apparent condonement or ratification of the action of the teacher in denying appellant admission to the Burdine Valley school permitted him to attend the Shopville school. It was then incumbent on it to furnish him free transportation since it was not within a reasonable walking distance of his home.

Therefore, we are of the opinion the court erred in dismissing appellant's petition. Upon return of the case, judgment should be entered requiring the school board to enroll appellant in a school within reasonable walking distance of his home, or, to furnish him free transportation to such school as the board may select in the exercise of a reasonable discretion.

The judgment is reversed for proceedings consistent with this opinion.