Wilbur JAPS et al., Appellants,

v.

BOARD OF EDUCATION OF JEFFERSON
COUNTY, Kentucky, a Corporation,
Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Richard C. Oldham, Louisville, for appellants.

Lucian L. Johnson, Louisville, for appellee.

CULLEN, Commissioner.

Certain parents and children, residents of the Jefferson County School District, joined with the county board of education in the submission of an agreed case, under KRS 418.020, presenting several questions concerning the transportation of school children. The judgment of the court upon these questions was as follows:

"3. The Board of Education of Jefferson County, Kentucky cannot require elementary pupils (Grades 1–8) who do not live within reasonable walking distance of the school provided for them to pay any school bus fare for transportation to and from school.

"4. The School Board has the power to charge a reasonable bus fare for high school pupils (Grades 9–12) to cover the cost of transportation services which the Board may provide for them where they live beyond a reasonable walking distance from the school provided for them.

"5. The School Board has the power to adopt appropriate and reasonable regulations whereby indigent high school pupils may be furnished transportation to and from school without charge to said pupils.

"6. If high school pupils are charged school bus fares, they cannot be counted in the allotment of the School Board's transportation units in the minimum foundation program under KRS 157.370. However, the charging of school bus fares for high school pupils would have no effect to reduce the $80 per pupil minimum state grant as provided by KRS 157.400.

"7. If high school pupils are charged school bus fares, a pupil living within a reasonable walking distance of school would not be entitled, as a matter of right, to tender the bus fare and ride a school bus, but such pupil would only have this privilege if granted it pursuant to reasonable rules adopted by the School Board and subject only to review by the Courts if the discretion of the Board was arbitrarily exercised."

The parents and children have appealed, contending that the judgment is erroneous as to Item 4 (permitting the charging of a fare to high school pupils). The board of education has cross-appealed, contending that the judgment is erroneous as to Item 3 (prohibiting the charging of a fare to grade school pupils). The judgment as to Items 5, 6 and 7 is not questioned, except to the extent that these items are dependent upon Item 4.

The controlling statute is KRS 158.-110, which reads:

"Boards of education shall furnish transportation from their general funds or otherwise for pupils of elementary grade who do not reside within reasonable walking distance of the school provided for them, and any board of education may provide transportation from its general funds or otherwise for any pupil of any grade who does not live within a reasonable walking distance from the school provided for him. The boards of education shall adopt such rules and regulations as will insure the comfort, health and safety of the children who are trans-

ported, consistent with the rules and regulations of the State Board of Education dealing with the transportation of pupils."

Attention is called to the fact that, as concerns grade school pupils, the statute says *"shall furnish* transportation from their general funds or otherwise", while as concerns high school pupils it says *"may provide* transportation from its general funds or otherwise". (Our emphasis.) There is no question but that the making of transportation available is obligatory as to grade school pupils and optional as to high school pupils (assuming, of course, residence beyond a reasonable walking distance). The question presented on this appeal is whether it is sufficient to make the transportation *available,* or must also the transportation be furnished *free of charge* to the pupil.

■ We consider first the question raised on the cross-appeal, as to the right to charge a fare for the transportation of grade school pupils. The contention of the school board, that there is a right to charge a fare, is based upon the fact that the statute does not use the words "free of charge" or "without cost," and upon the fact that the statute authorizes the transportation to be furnished from general funds "or otherwise."

We cannot find in the words "or otherwise" any indication of intent to include the charging of fares as a possible source of funds with which to furnish transportation to grade school pupils. On the contrary, we think these words have reference to funds that may come to the hands of the board of education other than through the exercise of a coercive revenue-producing power. In this category might be gifts, grants, devises or other special funds such as are dealt with in KRS 160.580 and 160.-590.

The absence of such words as "free of charge" or "without cost" is of no significance, because the whole tenor of the statute is that the transportation shall be furnished for grade school pupils at public expense. The statute was so construed in Hines v. Pulaski County Board of Education, 292 Ky. 100, 166 S.W.2d 37. The contemporaneous construction ever since the statute was enacted in 1934 has been the same.

For the reasons indicated, we concur in the decision expressed in Item 3 of the judgment.

■ As concerns the charging of fares to high school pupils (Item 4 of the judgment), it is the contention of the appellants that the sources from which the expense of transportation may be paid are *limited* by the statute as to high school pupils the same as they are limited as to grade school pupils. In other words, if the school board elects to transport high school pupils, the cost must come from the general funds of the board "or otherwise" (meaning other funds available to the board).

We do not construe the statute, in regard to high school pupils, as a *limitation,* but rather as a grant of power. The statute authorizes the board to use its funds to provide free transportation. This does not, of itself, preclude the board from making transportation available on some other basis.

Under KRS 160.290 boards of education are given very broad powers in the management and administration of schools, including the power to "provide for * * * services * * * it deems necessary for the promotion of education." We think the general powers of a board of education are broad enough to encompass the operation of a transportation system under which high school pupils are charged a fee. Certainly, the systematic and scheduled arrival and departure of pupils by school bus would tend towards better administration of the school system.

We conclude that Item 4 of the judgment is correct.

Although the parties raise no question concerning Items 5, 6 and 7 of the judgment, we consider it our duty, since this is an "agreed case," to pass upon them.

Item 5 affirms the power of the school board to adopt appropriate and reasonable regulations whereby indigent high school pupils may be furnished transportation without charge. We approach this question, not from the standpoint of whether there is an express grant of power, but whether there is any expression of policy in the school laws against the exercise of such power. In view of the broad authority granted by KRS 160.160 and 160.290 to "do all things necessary to accomplish the purposes" for which school boards are created, and to "exercise generally all powers in the administration of its public school system," there is no occasion to search for a specific grant of power. We find no prohibition against providing services for indigent pupils. On the contrary, the policy of the law is expressed in KRS 160.330, in providing that a school board may furnish text books and other necessary school supplies free of charge to indigent pupils. We agree with the lower court that free transportation may be furnished indigent high school pupils under appropriate and reasonable regulations.

Item 6 of the judgment determines that the charging of fares to high school pupils will not have the effect of reducing the $80 per pupil minimum state aid under KRS 157.400. In view of the language of KRS 157.400 as amended by Chapter 106 of the Acts of 1956, we concur in this determination.

Item 7 of the judgment holds that, if high school pupils are charged fares, no pupil residing within reasonable walking distance of the school will be entitled, as a matter of right, to tender the fare and ride the bus. This holding obviously is correct, since the making of transportation available to high school pupils is a matter wholly within the discretion of the board of education, and necessarily will be subject to such reasonable regulations as the board may prescribe.

The judgment is affirmed, upon the direct appeal and upon the cross-appeal.