# County Board of Education of Montgomery County, Ky., et al. on Petition Ex Parte.

(Decided June 21, 1935.)

PREWITT & PREWITT for appellants.

OPINION BY STANLEY, COMMISSIONER—Reversing.

In Board of Education for Montgomery County v. Greer, 259 Ky. 97, 82 S. W. (2d) 196, decided May 3, 1935, we affirmed a judgment declaring void certain orders of the board consolidating two subdistricts with the Carmargo subdistrict school, made before the School Code of 1934 became effective. Thereafter the board, its members, the county superintendent, and four citizens and taxpayers filed an ex parte petition in the circuit court reciting the proceedings of the other case

and their vacation by the court, and alleging that a controversy existed among the petitioners as to (1) whether or not the judgment controlled the future action of the board in relation to the consolidation of these districts; (2) the construction of section 4399-6 of the Statutes (1934 Supp.); and (3) the constitutionality of that section and of section 4399-20 (1934 Supp.). A declaration of rights as to these matters was asked. The circuit court dismissed the petition "for the reason no actual controversy exists."

The petition recites that the petitioners were divided in their opinion as to the propositions submitted, and we think it was sufficient to authorize the court, under the peculiar circumstances, to take cognizance of the controversy and declare the rights in the premises. Sections 639a-2, 639a-3, Civ. Code Prac.

1. Inasmuch as the action of the board covered by the former judgment was taken under the law prior to the revision made at the regular session of the General Assembly in 1934, neither the judgment nor the decision of this court could affect subsequent action of the board taken under the provisions of the new law.

2. Under the old law (section 4426-1, Statutes, 1930 Edition), the county boards of education were given "full power, except as otherwise provided in this act" to change and unite districts. As we held in the opinion involving this particular situation, under the provisions of the law existing at that time where it was proposed to consolidate subdistricts each of which had as many as fifty pupils and to transport the children to the consolidated school, it was necessary that a special tax be levied by the vote of the people. By the new school code more extended powers were given the county board in respect of the management of the schools under its jurisdiction. The power to deal with the subdistricts goes so far as to authorize the board to abolish them. County Board of Education of Bath County v. Goodpaster, 260 Ky. 198, 84 S. W. (2d) 55. Of course, these powers are not arbitrary and do not permit abuse of reasonable discretion.

Section 4399-12 of the Statutes, 1934 Supplement (section 7, article 5, chapter 65, Acts 1934), provides that the county board of education shall have power to lay off a proposed subdistrict and submit to the voters

within the boundary the proposition of levying a tax "for local school purposes, which may include transportation of all pupils who do not live within reasonable walking distance of school." On petition of 40 per cent. of the voters within any proposed district, it becomes the duty of the county board to provide for such an election. Whether or not such a proposed consolidated district shall be created under this plan depends upon the will of the majority. The authority for the special local tax is made applicable to single existing subdistricts as well, and the section of the statute would seem to involve more than mere consolidation and transportation. But this plebiscite and levy of a special tax does not appear to be a mandatory condition precedent to the uniting or consolidation of one subdistrict with others. For section 4399-6, Statutes, 1934 Supplement (section 6, article 5, chapter 65, Acts 1934), grants the power to the county boards "when necessary, to establish new subdistricts, or to unite subdistricts or parts of subdistricts, or to discontinue subdistricts"—subject to certain provisions respecting minimum pupil population, indebtedness, and special taxes. Previously, the power to consolidate was subject to exceptions in other laws, but that provision as to exceptions was not carried into the new law. The new code, section 4399-20 of the Statutes, Supplement of 1934 (section 15, article 5, chapter 65, Acts 1934), provides:

"Schools shall be maintained for pupils of elementary grade within a reasonable walking distance of their homes or the board of education shall furnish transportation from its general funds or otherwise for any elementary pupil or pupils who do not reside within such distance, and any board of education may provide transportation from its general funds or otherwise for any pupil or pupils of any grade or grades who do not live within a reasonable walking distance from the school. * * *"

It is thereby made mandatory as to the elementary grades, and discretionary as to the higher grades, that transportation be furnished if the school is not within reasonable walking distance of pupils attending it. The cost of such transportation comes from the general funds of the county board or "otherwise." It does not require the levy of a special tax.

3. The opinion rendered in County Board of Education of Bath County v. Goodpaster, supra, settles the constitutionality of the sections of the school code about which controversy exists among the present petitioners.

The foregoing is a declaration of rights, and inasmuch as the trial court dismissed the petition, it is necessary that the judgment be reversed and an appropriate judgment be entered.

Judgment reversed.

Whole court sitting.