## Board of Registration Com'rs of City of Louisville v. Burton et al.

Dec. 20, 1940.

Raymond C. Stephenson, Lawrence S. Poston, and H. O. Williams for appellant.

Lawrence W. Wetherby, Lawrence S. Grauman and Robert L. Sloss for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Reversing.

This appeal involves a controversy between the County Board of Registration and Purgation of Jefferson County, hereinafter called the County Board, and the Board of Registration Commissioners of the City of Louisville, called the City Board, as to which should pay certain items of expense incurred in purging and correcting the registration books of the City of Louisville previous to primary elections. For an understanding of the issues involved a reference to certain acts of the Legislature becomes necessary.

In 1930 the General Assembly of Kentucky passed what is known as the Model Registration Act for cities of the first class as provided in Sections 1486b-28 to 1486b-61 of Kentucky Statutes, inclusive, thereby creat-

ing the Board of Registration Commissioners and defining its powers and duties. By Section 1486b-36 the City of Louisville is required to levy and collect a tax of not more than 2 cents upon each $100 of the assessed valuation of all property in the city taxable for city purposes for the first year of the board's operation, and thereafter not less than three-fourths of a cent and not more than 1 cent upon each $100 of assessed valuation of all property in the city.

Section 1486b-50 provides for a purging and correcting of the registration records during the first two weeks of the period of 59 days next preceding the general election held in the year 1930 and each year thereafter, but there is no provision for a purging or canvassing of registration records prior to a primary election.

In 1938 the Legislature passed the General Registration and Purgation Act creating the State Board of Registration and Purgation, defining its duties, and also creating the County Board of Registration and Purgation of each county of the Commonwealth as provided in Section 1496-1 et seq. Section 1496-12 of the 1938 act provides for a purging of registration lists in cities of the first class in primary elections upon the request in writing of the County Executive Committee of either of the two dominant political parties having representation upon the State Board of Election Commissioners, or upon the request in writing of any candidate for office in any primary.

Previous to the Democratic primary election in 1938, one of the candidates made a request in writing for a purging and correcting of the records under Section 1496-12 of the Statutes, which apparently was done. Later a controversy arose between the County Board and the City Board as to which should bear the expense of preparing and furnishing for the investigators referred to in Section 1496-12, the list of names and addresses of registered voters of the precinct which they were to investigate and, also as to which should pay the expense of mailing notices to challenged voters. The County Board then filed this action seeking to recover of the City Board expenses incurred by it, County Board, in preparing lists, sending out notices and providing supplies necessary to the conducting of the house-to-

house canvass in purging the registration previous to the primary of 1938, and asking for a declaration of rights to determine whether or not under the provisions of Section 1496-12 of the Statutes the expense of preparing and furnishing the lists and sending out the notices referred to therein (Section 1496-12) should be borne by the City Board or by the County Board.

On motion of the City Board all the allegations of the petition relative to the expenses for 1938 canvass were stricken and the court dismissed that part of the petition, and from this part of the judgment there is no appeal. However, for a determination of the future rights of the parties (the action apparently being brought under the Declaratory Judgment Act, Civil Code of Practice, Section 639a—1 et seq.) the court adjudged that under Section 1496-12 of the Statutes the expenses of furnishing the lists and sending out the notices should in the future be borne by the City Board, and from this portion of the judgment the City Board has appealed.

It is the contention of the City Board that throughout the General Registration and Purgation Act, it is made the duty of the County Board to pay all expenses of the administration of the act, including the expenses of preparing and furnishing investigators with the list of the names and addresses of the registered voters provided in Section 1496-12. That section provides, among other things, that it shall be the duty of the County Board of Registration and Purgation to cause a purging and correction of the registration list and records for the primary upon request made in the manner referred to above, and further provides:

"It shall be the duty of said County Board of Registration and Purgation in connection with the Board of Registration Commissioners of the city of the first class to cause to be made a house to house canvass in each precinct of said city in each year in such precincts requested as herein provided. Said canvass shall be made jointly by two investigators in each precinct. * * * The Board of Registration Commissioners shall prepare and furnish each investigator with a list of names and addresses of the registered voters in the precinct in which he is [to] investigate, arranged in convenient order to

facilitate investigation. * * * When the reports of the investigators in any precinct agree that any person registered in said precinct is not legally entitled to vote at the election to be held in such year, the County Board of Registration and Purgation shall cause the Board of Registration Commissioners of the city of the first class to remove, transfer or cancel such registration as the case may be, * * * provided, however, that no such change shall be made until after notice shall have been mailed to the person affected. Said notice to be mailed by the Board of Registration Commissioners of the city of the first class * * *.''

Also Section 1496-11 provides that ''the County Board of Registration and Purgation as provided for under this Act may employ such clerical, stenographic and other help as they may deem necessary to carry out the provisions of this Act and may purchase such supplies and equipment as they may deem necessary and such clerical help so employed and supplies and equipment so purchased by the said County Board shall be paid for by the Fiscal Court of the county * * *.''

The City Board further insists that throughout the entire Registration and Purgation Act it is only made the duty of the City Board to co-operate with the County Board in the performance of its duty and, since it is primarily a function of the County Board, the City Board is merely an assistant or agent of the County Board, subject to its orders as provided in the act, and it should not be required to pay expenses of its principal. The County Board does not deny that it must pay all expenses incurred in the administration of the act, except the particular item in controversy herein mentioned in Section 1496-12, whereby the City Board is required to prepare and furnish the investigators with a list of names and addresses of the registered voters and further requiring that said notices shall be mailed by the City Board. It is the argument of the County Board that since the statute makes it the duty of the City Board to *prepare* and *furnish* the investigators with the list of names and addresses of registered voters and to *mail* the same, it evidently was intended that the city Board should pay this particular item of expense.

The statute expressly provides that the County Board shall pay all items of expense in the administra-

tion of the act except the one in question and as to which board shall pay it the statute is silent.

Since it is made the duty of the City Board to prepare for and mail to the investigators the list of names and addresses of voters the contention of the County Board that by implication it was intended that the City Board should pay the expenses incurred in the discharge of the duty enjoined upon it, is more or less plausible. On the other hand, however, since the trend of the act throughout seems to indicate that the administration of the 1938 act as a whole is a county function, and, since all other items of expense are by express provision of the act required to be paid by the County Board, and there being no express provision found in the statute requiring the City Board to pay any item of expense, the contention of the City Board is equally plausible.

It is thus seen that the statute is susceptible of two constructions, one of which would require the City Board to pay the item of expense in question and the other one would require the County Board to pay it.

It is the further argument of the City Board that had the Legislature provided expressly that any item of expense be borne by the City Board or should the court construe Section 1496-12 as requiring the City Board to pay the expenses incurred thereunder, such a provision would be unconstitutional as constituting double (unequal) taxation and contrary to Section 171, and perhaps other sections, of the Constitution of Kentucky. Section 171 of the Constitution in part reads:

"Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws,"

and to support its position we are cited to the cases of Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791, and District Board of Tuberculosis Sanitorium Trustees of Fayette County v. City of Lexington, 227 Ky. 7, 12 S. W. (2d) 348. In the Campbell County case the Legislature passed an act relating to the creation and maintenance of a Juvenile Court and required both Campbell County and the City

of Newport to levy taxes to bear expenses incident to the operation and maintenance of the court. It appears that Campbell County paid the expenses of operation and maintenance of the court for a certain length of time and then sued the City of Newport to recover of it its share of the taxes or expenses provided for in the act. The court below sustained the demurrer to the county's petition and on appeal to this court the judgment was affirmed. In the course of that opinion the court said: [174 Ky. 712, 193 S. W. 6, L. R. A. 1917D, 791]:

"To permit the fiscal court of Campbell county to impose this additional burden on property situated in the city of Newport alone would clearly be violation of Section 171 of the Constitution, which, as we have seen, provides that taxes must be 'uniform upon all property subject to taxation within the territorial limits of the authority levying the tax,' because the territorial limits of its taxing power is the whole county of Campbell, and yet it seeks to exert this power on a part of the county while exempting the remainder from the burden. In addition to this, it would be authorizing the double taxation of the property in the city of Newport, because this property has heretofore paid, under the levy made by the fiscal court upon the property of the whole county, its proportionate share of this expense."

The Fayette County-Lexington case, supra, is of like import and refers with approval to the Campbell County case, supra.

It is our view that the case at bar comes within the principles of the cases, supra. The taxpayers within the city of Louisville are also taxpayers of Jefferson county and bear their proportionate share of the expenses paid by the county, and if the city taxpayers alone are required to contribute an additional sum such would amount to unequal taxation pro tanto as to the city taxpayers. It follows therefore, that had the Legislature expressly provided that the City Board should pay the item of expense in question same would be invalid for the reasons indicated.

It is a fundamental rule of construction of doubtful and ambiguous statutes when their constitutionality or

validity is involved that the construction which would hold the statute valid will be applied rather than the one which would render the statute invalid, since it will not be presumed that the Legislature intended to pass an invalid act. As we have already stated, Section 1496-12 of the Statutes relative to the item of expense here in question is indeed ambiguous and, following the established rule set out above, we are impelled to apply that construction which will hold the statute valid; or, stated differently, that it was not the intention of the Legislature to impose upon the City Board the burden of the expense in question.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.

Whole Court sitting, except Judges **Perry** and Tilford.