## City of Richmond et al. v. Madison County Fiscal Court.

Feb. 24, 1942.

294

John Noland and George C. Robbins for appellant.

O. W. Lisle and Joe P. Chenault for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

The city of Richmond brought this suit against the Madison county fiscal court for a declaration of the rights and duties of the city of Richmond and Madison county relative to the care of paupers who reside within the corporate limits of the city of Richmond, and the plaintiff in the prayer of its petition asked specifically for a judgment declaring whether it is the duty of the city of Richmond or the county of Madison to provide funds for hospitalization and medical aid for these paupers. It was alleged in the petition that the city of Richmond has a population of approximately 8,000 inhabitants, and is located within and is a part of Madison county; that its citizens pay county taxes for the maintenance of the county government and the necessary expenses of the county in the same proportion and at the same rates as citizens of the county who live outside the corporate limits of the city; that the rate of taxation levied by the Madison fiscal court applied alike to property located within the corporate limits of the city of

Richmond and property located in the county outside the corporate limits of the city; and that the fiscal court had failed and refused to furnish assistance to the paupers who reside within the corporate limits of the city of Richmond or to provide them with hospitalization and medical aid upon the theory that it was the duty of the city alone to furnish assistance, hospitalization, and medical aid to the paupers who live within its corporate limits. In an amended petition the mayor and the members of the board of council of the city of Richmond, suing as officers, residents, and taxpayers of the city, were named plaintiffs. In the amended petition it was alleged that the Madison county fiscal court had entered into an agreement with a privately operated hospital in Richmond for the hospitalization of the paupers of Madison county, and that medical aid and hospitalization had been furnished under the contract to citizens of the county residing outside the corporate limits of the city of Richmond, but that the fiscal court had failed and refused to furnish hospitalization and medical aid to indigent persons who lived within the corporate limits of the city. A special and general demurrer to the petition were filed, and after the amended petition was filed a special plea to the jurisdiction was filed. The general and special demurrers and the plea to the jurisdiction were overruled. The defendant filed an answer and counterclaim. In the answer the defendant denied that in caring for the paupers of the county it had discriminated against those who resided within the corporate limits of the city of Richmond, and alleged affirmatively that it had furnished them assistance and hospitalization and medical aid when needed and that this expense incurred by the county is and should be a joint expense of the county and city governments. In its counterclaim it alleged that, under Section 1851 of the Kentucky Statutes, the treatment, care, medical attention, and, when necessary, hospitalization of poor sick persons residing within the corporate limits of the city of Richmond are made the joint and equal responsibility and obligation of the city and county, the necessary cost and expense thereof to be borne equally and proportionately according to the total assessed value of the property located in each municipality. It further alleged that since it entered into the contract with the privately operated hospital in Richmond it had furnished hospitalization to pauper residents of the city and had expended therefor

the sum of $1,877.10, and that during the period from July 1, 1939, to February 1, 1940, it had spent the further sum of $7,997.36 for the care and maintenance of poor persons who resided within the corporate limits of the city, and it sought to recover one-half of these two items, of $4,937.23, the city's proportionate part under the statute. A demurrer was filed to the answer and counterclaim, and the case was submitted on the pleadings. The court overruled the demurrer to the answer and sustained the demurrer to the counterclaim, but adjudged as follows:

> "The Court being of the opinion that both the plaintiff, City of Richmond and the defendant, County of Madison have the authority under the Statute laws of Kentucky to provide and appropriate funds to defray the necessary expenses for hospitalization of the indigent poor, is further of the opinion and so adjudges that the obligation to defray said expenses is a joint obligation of said City and County, and that the City of Richmond should bear and pay such proportionate part of said expense as the taxable value of the property located in said City bears to the entire taxable value of the property of the County of Madison including said City, and the County of Madison shall bear and pay the balance of said expense."

The plaintiffs have appealed from so much of the judgment as holds that the obligation to provide hospitalization for the indigent sick is the joint obligation of the city and county, and the defendant has prayed and been granted a cross-appeal from so much of the judgment as dismisses its counterclaim.

Appellee's contention that its plea to the jurisdiction should have been sustained is based on the theory that there is a defect of parties plaintiff (1) because the paupers who reside within the corporate limits of the city are the real parties in interest and they are not made parties as required by Section 18 of the Civil Code of Practice, which provides that every action must be prosecuted in the name of the real party in interest, and (2) because Section 25 of the Civil Code of Practice has not been complied with. This section reads:

> "If the question involve a common or general interest of many persons, or if the parties be numerous

and it is impracticable to bring all of them before the court within a reasonable time, one or more may sue or defend for the benefit of all."

Neither of these sections has any application. The plaintiffs are not seeking in this action to recover any amount for the pauper residents of the city, but are seeking a declaration of the rights of the parties concerning a controversy which exists between them respecting certain duties. Section 639a—1 of the Civil Code of Practice provides that the plaintiff, where an actual controversy exists, may ask for a declaration of rights either alone or with other relief. Here, an actual controversy exists between the governing authorities of the city and county relative to the duties of the two municipalities concerning a governmental function common to both, and we know of no reason why either cannot seek a settlement of that controversy under the Declaratory Judgment Act. Ex parte County Board of Education, 260 Ky. 246, 84 S. W. (2d) 59. Cf. City of Bardstown v. Nelson County, Ky., 78 S. W. 169; City of Bardstown v. Nelson County, 121 Ky. 737, 90 S. W. 246.

The chancellor, in adjudging that the city of Richmond should pay such proportionate part of the necessary expenses for the hospitalization of the indigent sick as the taxable value of the property located in the city bears to the entire taxable value of the property of the county of Madison, apparently intended that this payment should be in addition to the taxes paid to the county by the property owners of the city. According to the briefs of both appellants and appellee, he was influenced by Section 1851 of the Kentucky Statutes which reads:

"Where for county governmental purposes a city is by law separated from the remainder of the county, that portion of the county outside of the limits of such city shall be deemed the county within the meaning of this act: Provided, however, That both such city and county shall each pay its proportionate part of all county expenses common to both said city and county, to be based upon the value of taxable property in each as shown by the last preceding assessment for state purposes."

Section 1851 of the Statutes was enacted in 1892 at the first session of the General Assembly after our present Constitution was adopted. Section 144 of the Con-

stitution, which treats of fiscal courts, concludes as follows: "But where, for county governmental purposes, a city is by law separated from the remainder of the county, such commissioners may be elected from the part of the county outside of such city." For the history of this clause of Section 144 of the Constitution and the legislation following it, reference is made to Joyes v. Jefferson County Fiscal Court, 106 Ky. 615, 51 S. W. 435; Richardson v. Boske, 111 Ky. 893, 64 S. W. 919; Johnson v. Boske, Ky., 66 S. W. 400, and City of Covington v. Kenton County, Ky., 82 S. W. 392. As pointed out in those cases, the concluding clause of Section 144 of the Constitution and Section 1851 of the Kentucky Statutes apply to such counties only as had two county seats and in which the city was, in reality, separated from the balance of the county for county governmental purposes at the time the Constitution was adopted. The city of Richmond was not so separated from the remainder of Madison county. It is admitted in the pleadings that the expenditures made by the fiscal court of Madison county for the care, maintenance, and hospitalization of the poor of the entire county are made from taxes paid on property located both in the city of Richmond and in the county outside the city, and that the same rate of taxation is levied on all property in the county having the same classification. The expense of caring for the poor is an expense common to the whole county, and the citizens of the city of Richmond paid their proportionate part of this expense when they paid their county taxes into the county treasury. To require them to pay the city's proportionate part of this expense again would amount to a discrimination against them in favor of taxpayers residing in the county outside the city, and would impose upon property located in the city a double burden for the same purpose. All property located in the county is liable for its ratable proportion of the taxes levied for a purpose common to the entire county. In Campbell County v. City of Newport, 174 Ky. 712, 193 S. W. 1, L. R. A. 1917D, 791, there was involved the constitutionality of a statute authorizing the establishment of a juvenile court in any county containing a city of the first or second class and authorizing fiscal courts and municipal boards to levy an annual tax of not less than $\frac{1}{4}$ of a cent on each $100 of all taxables in their respective counties and cities for the purpose of paying salaries and expenses necessary to carry

out the purposes of the Act. Campbell county sued the city of Newport for ½ of the amount that had been paid by the fiscal court in conducting the juvenile court. The expenses had been paid out of the general funds of the county which had been raised by taxes levied upon all the property in the county. The board of council of the city of Newport had failed and refused to levy any tax upon the property in the city for the purpose of defraying the expenses of the juvenile court, and had refused to contribute anything to the payment of these expenses. The court held the Act violative of the uniformity provision of Section 171 of the Constitution since by requiring the city to contribute ½ of the expenses after it had paid its proportionate share of the general county tax used for the purpose would impose upon the property of the city a greater burden than was imposed upon other property in the county. See, also, District Board, etc., Trustees, v. City of Lexington, 227 Ky. 7, 12 S. W. (2d) 348; Board of Registration Com'rs of City of Louisville v. Burton, 286 Ky. 202, 150 S. W. (2d) 4. The duty of providing for the care, treatment, and maintenance of the sick and poor of the entire county is imposed upon the fiscal court, Kentucky Statutes, Section 1840, Leslie County v. Keith, 227 Ky. 663, 13 S. W. (2d) 1012, and aid should be furnished without discrimination because of the recipient's place of residence within the county. What has been said does not prevent the city from supplementing out of its own funds the aid and assistance given by the county to the poor and indigent sick who reside within the corporate limits of the city. Kentucky Statutes, Sections 3490-6 and 3490-22.

On the cross-appeal the judgment is affirmed, and on the original appeal the judgment is reversed, with directions to enter a judgment in accordance herewith.