## Wilson et al. v. Graves County Board Of Education et al.

March 9, 1948.
Rehearing denied May 14, 1948.

204

Henry Jack Wilson for appellants.

F. B. Martin and L. R. Smith for appellees.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Chester Wilson and others, the appellants, as taxpayers of Graves County, filed suit under declaratory judgment law against Graves County Board of Education and others, the appellees, asking a declaration of rights under existing statutes and seeking a mandatory injunction against the Board's members. The chancellor having determined the rights in favor of the Board and having refused the mandatory injunction, the taxpayers are appealing.

Appellants contend that the chancellor's judgment, which was rendered on the pleadings, must be reversed because of its contrariness to our established law as applicable to this case.

The Graves County Board bought a tract of land over in Marshall County near Kentucky Lake for $2500

out of school funds. The underlying purpose was that of providing a recreation center for school children of Graves County and for 4-H club members. The land was bought from Tennessee Valley Authority, was suitable for the proposed purpose, was worth the price. However, its location was in Marshall County as stated, and was at a place 20 miles or more from the center of Graves County. The questioned legal authority of the Board to do as indicated was and is the sole problem for judicial consideration in this case.

Our legislators have provided by statute that a school district may *join* with a city or a county in providing a recreation center. See KRS 97.010.

And this court has held that a cooperative effort between a county school board and a county fiscal court for establishment of a recreation center within the latitude of that statute is of itself an educational undertaking. See Dodge v. Jefferson County Board of Education, 298 Ky. 1, 181 S. W. 2d 406.

But neither in the strictness of the literal provisions of KRS 97.010 nor in any previous decision of this court on the subject may authorization be found for a school board to act *alone* in the purchase of a recreation center located over *in another county* for the benefit of both school children and *4-H club members*.

The Board contends that it was authorized, under the broad provisions of general school law, to do whatever it deemed necessary to promote the health and welfare of public school pupils. See KRS 160.290.

Admitting the wide scope of general powers contained in this health and welfare statute, which surely may be used as a mace of legal authority by a school board in doing many different things in the administration of its affairs for the benefit of the schools, yet it should be remembered that it is sometimes proper to inquire through court action into the arbitrariness of a particular exercise of those vested powers, however broad and untrammeled they may appear to be on their face. As we said in a case once pending before this court, these broad school board powers are not arbitrary and the reasonable discretion of the board must not be abused. See Board of Education of Montgomery County on Petition, 260 Ky. 246, 84 S. W. 2d 59.

Everyone ought to encourage wholesome recreation for boys and girls. Our constant aspiration for a nobler race in a greater nation could be largely attained by a program of regeneration, reapplication and recreation for all our youth. Therefore, we yearn for an outpouring of great power into just such a program. However, it is equally appropriate to observe that the disbursement of taxpayers' dollars for the various uses of public affairs is always a very serious business, whether the dollars are expended by municipalities to light the public streets or by school boards to light the individual minds of public school pupils. However laudable and worthy it might be for a Western Kentucky school board to go a few hundred miles to the east and there purchase an Eastern Kentucky mountain retreat for the health and welfare of some of its underprivileged or tubercular people, including its school children, yet such an undertaking would have to be considered in the nature of an arbitrary administration of public funds and therefore illegal. A line of propriety must be drawn somewhere. It should be drawn so as to include (a) legislative intent, (b) reasonable welfare of school children, (c) constant progress of the race and nation, yet drawn so as to exclude (x) arbitrary action, (y) unwise expenditure of tax money, (z) any objective alien to the school sphere. And so, we feel that we must now draw the line in this case so as to exclude this Board's legal authority to use its school tax funds to purchase single-handedly this lakeside tract over in another county for the joint benefit of public school pupils and 4-H club members.

We believe that the chancellor should have declared a right of legal interference to be vested in these taxpayers suing in this case, should have declared this Board without legal right to carry out the project under consideration, should have issued a mandatory injunction requiring the Board to sell its Marshall County tract and restore $2500, the purchase price, to the school funds of Graves County.

Wherefore, for the reasons recited, the chancellor's judgment is now reversed for such further proceedings as may be consistent herewith.