## Ex parte WEYLER et al.

Court of Appeals of Kentucky.

Nov. 13, 1952.

Eugene Siler, Williamsburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., M. B. Holifield, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

The appeal is from a judgment declaring unconstitutional so much of KRS 118.340 as forbids employers from making any deduction of pay for time not worked during the four hours required to be allowed employes in which to vote on election days.

Subsequent to the decision of this court in Illinois Central Ry. Co. v. Commonwealth, 305 Ky. 632, 204 S.W.2d 973 which held unconstitutional the above mentioned provision of KRS 118.340, the Supreme Court of the United States, in Day-Brite, Lighting, Inc., v. Missouri, 342 U. S. 421, 72 S.Ct. 405, 96 L.Ed. ——, held that a similar provision of a Missouri statute, V.A.M.S. § 129.060, did not violate the federal constitution, Amend. 14. The contention in the action now before us is that this Court should overrule the Illinois Central case and follow the Supreme Court decision.

The action was instituted as an *ex parte* proceeding seeking a declaration of rights. The petitioners were the president and the secretary of the Kentucky State Federation of Labor, and a vice president and the secretary of the Kentucky State Council of Machinists, a labor organization. They purported to maintain the action as representatives of all the members of the Federation and the Council, alleging that their interests were common, and that "all of the members of said Federation and of said Council have a similar situation pertaining to the subject matter of this proceeding". The petition alleged that some of the plain-

tiffs "are now divided in their opinions as to their present rights under KRS 118.340 and that a state of confusion and uncertainty now exists among all the plaintiffs."

The Middlestates Concrete Company, Inc., was allowed to intervene "for itself and others similarly situated who are employers of labor," and it filed a general demurrer on the ground that the petition did not state facts entitling the petitioners to a declaration of rights or upon which a proceeding for a declaration of rights can be maintained.

The court passed the demurrer to the merits and entered judgment holding unconstitutional the provision in question, on the ground that it violated the Kentucky Constitution. The petitioners have appealed.

 We are of the opinion that the pleadings did not establish a justiciable controversy, and that the petition should have been dismissed. The petitioners did not have adverse interests, and there was no controversy among them from the standpoint of one party asserting a right against another party, or claiming the existence of a duty owed to him by another party. No employer of any of the petitioners would be bound by the judgment, because no such employer was made a party.

As stated in Axton v. Goodman, 205 Ky. 382, 265 S.W. 806, the petition presents a case of a mere difference of opinion, and not an actual controversy between the parties in interest.

The intervention by the Concrete Company did not create a controversy, because the company was not in the case claiming rights adverse to those asserted by the petitioners, but was merely contesting the right of the petitioners to maintain the proceeding.

The petitioners rely on Ex parte County Bd. of Ed. of Montgomery County, 260 Ky. 246, 84 S.W.2d 59, as supporting their right to maintain an ex parte proceeding. In that case there was an actual controversy between the parties, in that there were the school board and school superintendent on one side and citizens and taxpayers on the other. The effect of the opinion was to hold merely that it was not necessary for some of the parties to be named as plaintiffs and the others as defendants.

In the absence of a justiciable controversy, the court has no jurisdiction. Revis v. Daugherty, 215 Ky. 823, 287 S.W. 28.

The judgment is reversed, with directions to enter judgment dismissing the petition.